# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

MARIA BROCCOLINO, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

CLEARVIEW AI, INC.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:20-cv-02222

Class Action Complaint

Jury Demanded

## Class Action Complaint

Plaintiff, Maria Broccolino ("Plaintiff"), as and for her complaint alleges the following:

1.      This is a class action brought on behalf of all persons residing in Illinois whose images were wrongfully obtained and used by Defendant Clearview AI, Inc. ("Clearview" or "Defendant") for the damages that they sustained under the Illinois Biometric Information Privacy Act, 740 ILCS 13/1, et seq. ("BIPA"). It is also an action for injunctive relief.

2.      Clearview is a company that has created one of the largest proprietary databases in the world consisting of images of individuals. This database was created through Clearview's illegal "scraping" of those images without consent from the individuals, from the internet, including various social media platforms such as Facebook, Venmo, Linked In, You Tube, Twitter and Google. In many cases this scraping was done in violation of the terms of service of the social media platform.

3.      To this database it has applied certain proprietary facial recognition technology so that its customers, including law enforcement agencies around the country, governments around the world, institutions such as banks, department stores, entertainment venues, and sports

organizations, can instantly obtain private information and links to various sites about these individuals, in violation of their privacy rights and the parameters set forth in BIPA.

4.      In effect, Clearview acts as a search engine, enabling law enforcement, universities, department stores and other end users to upload an image and compare it to one of the images scraped from the internet, using facial recognition technology so that the individual can be identified through the non-public information that was available on the internet.

5.      Clearview then uses state of the art, proprietary facial recognition technology to match the face that appears in the uploaded image with those that appear in Clearview's database of images.

6.      When an end user uploads an image, Clearview's proprietary technology processes the image and returns links to images from social media and other sources that match the person pictured in the uploaded image.

7.      Frequently, the linked websites containing the matching image include additional information about the person identified in the matched image, so that clicking on a matched image will send the end user to that linked website.

8.      Clearview has also not only provided its technology and database to law enforcement, but also to private entities including banks and retail loss prevention specialists.

9.      On February 25, 2020, Clearview disclosed that its client list had been stolen. BuzzFeed and other outlets who were then able to obtain a copy of its client list have disclosed that Clearview's client base is far more extensive than originally believed, and that it is providing biometric data to retailers, including Macy's, Walmart, Kohl's and Best Buy, banks, including Wells Fargo and Bank of America, sports leagues including the NBA, entertainment venues, including Madison Square Garden, mobile carriers, including AT&T, Verizon and T-Mobile,

casinos, including Las Vegas Sands and the Pechanga Resort Casino, gyms, including Equinox, ticketing platforms, including Eventbrite, and cryptocurrency exchanges, including Coinbase—although certain of those entities have stated that they only "demoed" the product.

10.     The leaked client information further revealed that Defendant's technology had been used by more than 2,200 people at law enforcement agencies, government institutions, and companies across 27 countries, including possibly the White House Tech Office.

11.     The leaked client list demonstrates that Defendant is pursuing selling its technology to clients in Europe, the Middle East, Asia Pacific, and South American, and authoritarian regimes with a history of human rights violations including Saudi Arabia and the UAE.

12.     On March 5, 2020, an article in the New York Times reported that Clearview's technology has been made available and used by certain wealthy individuals, including John Catsimatidis, the billionaire owner of the Gristedes grocery store chain, who used the technology for his personal use such as investigating his daughter's boyfriends—in direct contravention of Clearview's representations that its technology was used solely by law enforcement.

13.     It has also been reported that the Clearview AI app for its customers was made available in violation of Apple Inc.'s testing rules, and that Clearview has violated Apple's developer program, such that customers were able to access the Clearview data base through the app when it was only in beta testing mode.

14.     It has been recently reported that Facebook, Google and You Tube, among others, have sent Clearview cease and desist letters informing it that its conduct violates their respective terms of service.

15.     Plaintiff thus brings this action pursuant to BIPA, for both injunctive and monetary relief for Clearview's violations and continuing violations of BIPA and the rights of individuals residing in Illinois.

<u>Jurisdiction and Venue</u>

16.     This Court has jurisdiction over this action under 28 U.S.C. §1332(d)(2)(the "Class Action Fairness Act") because sufficient diversity exists between the parties in this action, the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, and there are 100 or more members of the Class.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C.§1391(b)(2) because Clearview maintains it principal place of business in this judicial District.

<u>Parties</u>

18.     Plaintiff, Maria Broccolino, is an Illinois resident residing in Schaumburg, Illinois.  At relevant times, images of Plaintiff's face appeared on internet based platforms and websites, including Facebook.

19.     Upon information and belief, Clearview has obtained Plaintiff's likeness and image from her social media account and has made it part of its database.  On March 4, 2020, Plaintiff sent Defendant a letter requesting that it confirm that it maintains her likeness and image on its database, through the appropriate channel on its website.   A copy of that letter is attached hereto as Exhibit A.  Although given a week to respond, to date, Plaintiff has received no response.

20.     Defendant Clearview, is a Delaware corporation with its principal place of business in New York, New York.  It is a private company, a major investor of which is Peter Thiel, who is also a member of the board of Facebook.

## Illinois Biometric Privacy Laws

21.     According to BIPA, "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS § 14/5(c).

22.     BIPA seeks to safeguard individuals' biometric identifiers and information.

23.     Biometric identifiers include a scan of an individual's face geometry. 740 ILCS §14/10.

24.     Biometric information is "any information . . . based on an individual's biometric identifier used to identify an individual." 740 ILCS § 14/10.

25.     Pursuant to BIPA, a private entity, such as Defendant Clearview, is: (a) prohibited from collecting or otherwise obtaining an individual's biometric identifiers and information without providing written notice and obtaining a written release; (b) prohibited from selling, leasing, trading or otherwise profiting from an individual's biometric identifiers and information; (c) prohibited from disclosing, redisclosing or otherwise disseminating an individual's biometric identifier or information unless specifically allowed by the statute; and (d) required to develop a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information. 740 ILCS § 14/15.

26.     BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater,

for intentional or reckless violations of its provisions. 740 ILCS § 14/20. BIPA also allows for

the recovery of attorneys' fees and costs and injunctive relief. 740 ILCS § 14/20.

<u>Substantive Allegations</u>

27.     At relevant times, Plaintiff posted photos of herself on Facebook and other social

media platforms.  On March 3, 20120, Plaintiff sent Defendant Clearview a letter in accordance

with its provisions as set forth on its website to confirm that Defendant Clearview had obtained

Plaintiff's photos and that such photos were contained in its data base. *See* Exhibit A, hereto.

Clearview has failed to respond.

28.     At no time did Defendant Clearview inform Plaintiff or a legally authorized

representative of Plaintiff in writing that it had captured and/or collected Plaintiff's biometric

identifier or biometric information.

29.     At no time did Defendant Clearview inform Plaintiff or a legally authorized

representative of Plaintiff in writing of the specific purpose and length of term for which Plaintiff's

biometric identifier and/or biometric information was being collected, stored and used.

30.     At no time did Plaintiff or her legally authorized representative provide Defendant

Clearview with an executed written release allowing Clearview to use her biometric identifier

and/or biometric information.

31.     At no time did Plaintiff or her legally authorized representative consent to

Defendant Clearview disclosing or redisclosing her biometric identifiers and/or biometric

information.

32.     At no time did Plaintiff or her legally authorized representative consent to

Defendant Clearview engaging in a process called "scraping," whereby Clearview used an

automated process to steal and convert to its own use online photos of Plaintiff and corresponding

information associated with those photos. In fact, in many instances, the terms of service of the platforms or websites on which Plaintiff's photos were posted prohibited scraping.

33.    Based on information obtained from the internet and in particular, social media platforms, Defendant Clearview then collected and obtained biometric identifiers and information from approximately three billion images – including, on information and belief, the biometric identifiers and information of Plaintiff and Class Members – and subsequently disclosed, and sold, traded, leased and otherwise profited from those biometric identifiers and information, providing their customers with links to other private information about Class members beyond their biometric data, by using their biometric data.

34.    In violation of BIPA, Defendant did not develop a written policy that it made available to the public that established a retention schedule and guidelines for permanently destroying biometric identifiers and information.

35.    As a result of Defendant's violation of BIPA, Plaintiff and Class members already have been injured and will continue to be injured.

36.    As a result of Defendant's unlawful conduct, as alleged herein, Plaintiff and Class Members have suffered and will continue to suffer severe consequences. Defendant's conduct has resulted in, among other things: (a) unalterable biometric identifiers and information being collected, disclosed and sold without their permission; and (b) Plaintiff and Class Members being deprived of control over their biometric identifiers and information.

37.    To date, Defendant Clearview has entered into service agreements with over 600 law enforcement agencies to the ends of creating, improving, updating and selling, leasing or otherwise profiting from its database.

38.     According to its recently hacked client list, it has also entered into agreements, or is at least in discussions with numerous retail entities, sporting and entertainment venues, banks, currency exchanges, and foreign governments.

39.      It has also provided access to its database to wealthy individuals, allowing it and the private information of Plaintiff and Class members to become the "secret plaything of the rich", including hedge fund founders, actors, and Catsimatidis, as revealed by the New York Times.

40.     In violation of BIPA, Defendant collected, captured and otherwise obtained individuals' biometric identifiers and information – including, on information and belief, the biometric identifiers and information of Plaintiff and Class Members – without providing the requisite written information and without obtaining the requisite written releases.

41.     In violation of BIPA, Defendant sold, leased, traded and otherwise profited from individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class Members.

42.     In violation of BIPA, Defendant disclosed, redisclosed and otherwise disseminated individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class Members, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives consented to the disclosure or redisclosure; (b) the disclosure or redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure or redisclosure was not required by State or federal law or municipal ordinance; and (d) the disclosure was not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

43.     In violation of BIPA, Defendant did not develop a written policy that it made available to the public that established a retention schedule and guidelines for permanently destroying biometric identifiers and information.

44.     As a result of Defendant's violation of BIPA, Plaintiff and Class Members already have been injured and will continue to be injured, as set forth in more detail below.

45.     As a result of Defendant's unlawful conduct, as alleged herein, Plaintiff and Class Members have suffered and will continue to suffer severe consequences.

## CLASS ACTION ALLEGATIONS

46.     Plaintiff brings this action on behalf of herself as a class action under Federal Rule of Civil Procedure 23(a), and 23(b)(2) and (b)(3), seeking damages and injunctive relief on behalf of all persons residing in Illinois whose facial geometry was scanned by Defendant Clearview and subsequently sold, leased, traded, disclosed, redisclosed or otherwise used by Clearview to profit without Clearview having complied with BIPA's requirements (the "Class", "Class Members"). Excluded from the Class are: (a) Defendant Clearview; (b) any parent, affiliate or subsidiary of Defendant Clearview; (c) any entity in which Defendant Clearview has a controlling interest; (d) any of Defendant Clearview's officers or directors; or (e) any successor or assign of Defendant Clearview. Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

47.     **Numerosity.** Consistent with Rule 23(a)(1), the proposed Class is so numerous that joinder of all members is impracticable. While Plaintiff does not know the exact number of members of the proposed Class, Plaintiff believes the proposed Class contains millions of people. The Class is readily ascertainable because Defendant Clearview has access to

information regarding the identity of each person whose biometric identifier and information it has obtained.

48.     **Commonality and predominance.** Common questions of law and fact exist as to all Class Members. These common questions of law or fact predominate over any questions affecting only individual members of the proposed Class. Common questions include, but are not limited to the following:

a.   Whether Defendant Clearview engaged in wrongful conduct as alleged herein;

b.   Whether Defendant Clearview provided Plaintiff and Class Members with the written information or maintained a written policy as required by BIPA;

c.   Whether Defendant Clearview obtained written releases from Plaintiff and Class Members as required by BIPA;

d.   Whether Defendant Clearview had in place and disclosed to the public, the written policies required by BIPA;

e.   Whether Defendant Clearview disclosed and/or sold Plaintiff's and Class Members' biometric data without compliance with BIPA;

f.   Whether Plaintiff and Class Members suffered damages as a proximate result of Defendant Clearview; and

g.   Whether Plaintiff and Class Members are entitled to damages, equitable and/or injunctive relief.

49.     **Typicality.** Plaintiff's claims are typical of the claims of the Class she seeks to represent because Plaintiff and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein. Plaintiff has no interests to advance adverse to the interests of the other members of the proposed Class.

50.     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the proposed Class and has retained as her counsel, attorneys experienced in class actions and complex litigation.

51.     **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class Member, while meaningful on an individual basis, may not be of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. A class action, however, presents far fewer management difficulties and provides the benefit of single adjudication, economy of scale and comprehensive supervision by a single court.

52.     The proposed Class may be certified under Rule 23(b)(3) because issues of law and fact are common to class members, and predominate over individual issues, to the extent that such individual issues exist.

53.     Alternatively, a class may be certified under Rule 23(b) (2) and an injunction should enter requiring Defendant Clearview to comply with the terms of BIPA and/or expunge the records it has already obtained in violation of BIPA.

## **COUNT ONE**
### **(VIOLATION OF BIPA – 740 ILCS § 14/15(c))**

54.     Plaintiff restates and realleges all paragraphs of this Complaint, as though fully set forth herein.

55.     As alleged above, Defendant Clearview violated BIPA by unlawfully selling, leasing, trading and otherwise profiting from an individual's biometric identifier or biometric information, including the biometric identifiers and information of Plaintiff and Class Members.

56.     Defendant Clearview's violation of BIPA was intentional or reckless or, pleaded in the alternative, negligent.

57.     As a direct and proximate result of Defendant Clearview's violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property and monetary and non-monetary damages.

58.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

59.     Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

60.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

## COUNT TWO
### (VIOLATION OF BIPA – 740 ILCS § 14/15(d))

61.     Plaintiff restates and realleges all paragraphs of this Complaint as though fully set forth herein.

62.     As alleged above, Defendant violated BIPA by disclosing, redisclosing and otherwise disseminating individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class Members, even though: (a) neither the subjects of the biometric identifiers and information nor their authorized representatives

12

consented to the disclosure or redisclosure; (b) the disclosure or redisclosure did not complete a financial transaction requested or authorized by the subjects of the biometric identifiers and information or their authorized representatives; (c) the disclosure or redisclosure was not required by State or federal law or municipal ordinance; and (d) the disclosure was not required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

63.     Defendant's violation of BIPA was intentional or reckless or, pleaded in the alternative, negligent.

64.     As a direct and proximate result of Defendant's violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property and monetary and non-monetary damages.

65.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

66.     Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

67.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorneys' fees, costs and expenses relating to this action.

## COUNT THREE
### (VIOLATION OF BIPA – 740 ILCS § 14/15(b))

68.     Plaintiff restates and realleges all paragraphs of the Complaint as though fully set forth herein.

69.     As alleged above, Defendant violated BIPA by failing to develop a written policy that it made available to the public that established a retention schedule and guidelines for permanently destroying biometric identifiers and information.

70.     Defendant's violation of BIPA was intentional or reckless or, pleaded in the alternative, negligent.

71.     As a direct and proximate result of Defendant's violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property and monetary and non-monetary damages.

72.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

73.     Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

74.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

## COUNT FOUR

### (VIOLATION OF BIPA – 740 ILCS § 14/15(a))

75.     Plaintiff restates and realleges all paragraphs of this Complaint as though fully set forth herein.

76.     As alleged above, Defendants violated BIPA by collecting or otherwise obtaining individuals' biometric identifiers and information, including the biometric identifiers and information of Plaintiff and Class Members, without providing the requisite written information and without obtaining the requisite written release.

77.     Defendant's violation of BIPA was intentional or reckless or, pleaded in the alternative, negligent.

78.     As a direct and proximate result of Defendant's violations of BIPA, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property and monetary and non-monetary damages.

79.     Plaintiff and Class Members seek as monetary relief the greater of $5,000 or actual damages or, pleaded in the alternative, $1,000 or actual damages.

80.     Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members in that their biometric identifiers and information can be viewed and used by unauthorized persons. Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the misuse of Plaintiff's and Class Members' biometric identifiers and information.

81.     Plaintiff and Class Members also seek punitive damages, injunctive relief and the reasonable attorney's fees, costs and expenses relating to this action.

## **COUNT FIVE**

### **(UNJUST ENRICHMENT)**

15

82.     Plaintiff restates and realleges all paragraphs of this Complaint as though fully set forth herein.

83.     Defendant obtained a monetary benefit from Plaintiff and Class Members to their detriment. Defendant did so by profiting from the covert collection of the biometric identifiers and information of Plaintiff and Class Members, while exposing Plaintiff and Class Members to heightened risk of surveillance both now and in the future.

84.     Plaintiff and Class Members did not authorize Defendant to collect, disclose, redisclose, sell, lease, trade or otherwise profit off their biometric identifiers and information.

85.     Defendant accepted and retained the benefit bestowed upon them under inequitable and unjust circumstances arising from Defendant's conduct toward Plaintiff and Class Members as described herein.

86.     Defendant sold, leased, traded and otherwise profited from – and caused to be sold, leased, traded and otherwise profited from – Plaintiff's and Class Members' biometric identifiers and information and did not provide full compensation for the benefit received from Plaintiff and Class Members.

87.     Defendant acquired and caused to be acquired Plaintiff's and Class Members' biometric identifiers and information through inequitable means in that they covertly scraped Plaintiff's and Class Member's online photos and corresponding information without permission and in violation of Illinois law.

88.     Plaintiff and Class Members have no adequate remedy at law.

89.     Under the circumstances, it would be unjust and unfair for Defendant to be permitted to retain any of the benefits obtained from Plaintiff and Class Members.

90.     Defendant should be compelled to disgorge into a common fund proceeds that it unjustly received.

**COUNT SIX**
**(INJUNCTIVE**
**RELIEF)**

91.     Plaintiff restates and realleges all paragraphs of this Complaint as though fully set forth herein.

92.     Plaintiff and Class Members have clear and ascertainable right to have Defendant abide by its obligations under BIPA and to control their biometric identifiers and information.

93.     Plaintiff and Class Members have no adequate remedy at law because a legal remedy cannot retrieve the biometric identifiers and information that Defendant unlawfully collected, sold, leased, traded and otherwise profited from and cannot end the invasion of privacy caused by Defendant's conduct.

94.     Plaintiff and Class Members will suffer irreparable harm, as alleged herein, from Defendant if its conduct is not so restrained, requiring injunctive relief.

95.     Plaintiff and Class Members are likely to succeed on the merits because, as alleged herein, Defendant unlawfully collected, sold, leased, traded and otherwise profited from Plaintiff's and Class Members' biometric identifiers and information despite being prohibited from doing so.

96.     Plaintiff and Class Members seek injunctive relief barring Defendant from any further use of Plaintiff's and Class Members' biometric identifiers and information; and requiring Defendant to delete and destroy Plaintiff's and Class Members' biometric identifiers and information.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class, respectfully seeks from the Court the following relief:

h.   Certification of the Class as requested herein;

i.   Appointment of Plaintiff as Class representative and her undersigned counsel as Class counsel;

j.   Award Plaintiff and members of the proposed Class damages, including statutory and punitive damages;

k.   Award Plaintiff and the proposed Class injunctive relief;

l.   Award Plaintiff and members of the proposed Classes pre-judgment and post-judgment interest as permitted by law;

m.   Award Plaintiff and members of the proposed Classes reasonable attorneys' fees and costs of suit, including expert witness fees; and

n.   Award Plaintiffs and members of the proposed Classes any further relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Dated: March 13, 2020

Respectfully submitted,

**THEGRANTLAWFIRM, PLLC**

By: Lynda J. Grant

521 Fifth Avenue, 17th Floor
New York, NY 10175
t/212-292-4441
f/212-292-4442

18

Melissa R. Emert
**STULL, STULL & BRODY**
6 East 45th St.-5th Floor
New York, NY 10017
t/ 954-341-5561
f/ 954-341-5531

Attorneys for Plaintiff

# EXHIBIT A

# THE GRANT LAW FIRM, PLLC

Lynda J. Grant
lgrant@grantfirm.com

March 4, 2020

*By Email (privacy-requests@clearview.ai)*
Data Protection Officer
214 West 29th Street, 2nd Floor
New York, NY 10001

Re: *Image and Likeness of Maria Broccolino*

Dear Sir or Madam:

We represent Ms. Maria Broccolino, a resident of Schaumburg, Illinois. A copy of a Special Power of Attorney, authorizing us to send this letter, is enclosed. We have read with interest articles respecting the work of Clearview AI, Inc. ("Clearview"), and more specifically, the creation of its database and its use by third parties.

We are writing to you to confirm that Clearview: (1) has scrapped and/or otherwise obtained the likeness or image of Ms. Broccolino, (2) that it presently maintains her image or likeness, as well as attendant links to information about Ms. Broccolino, in its data base, and (3) that it has made that data base available to third parties.

We note that as a resident of Illinois, Ms. Broccolino is protected by the Illinois Biometric Privacy Act. To the best of our knowledge, Clearview has not taken any steps to comply with that statute.

We look forward to your response and ask that you respond no later than 7 (seven) days from the date of this letter.

Sincerely yours,

Lynda J. Grant

/ljg (encl.)

cc:    Maria Broccolino (by email w/encl.)

## SPECIAL POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS, that Maria Broccolino ("Broccolino"), does hereby make, constitute, and appoint Lynda J. Grant, Esq. and TheGrantLawFirm, PLLC, 521 Fifth Avenue, 17th Floor, New York, New York 10175 and any person designated by them, to act as true and lawful attorney-in-fact for Broccolino, in all matters regarding obtaining her information from Clearview AI, Inc. or any of its subsidiaries, agents, divisions or affiliates.

The rights, powers, and authority of said attorneys shall remain in full force and effect until Broccolino tenders a written notice of termination.

IN WITNESS HEREOF, I have hereunto set my hand as of February 14, 2020.

_____
Maria Broccolino

_____
Notary Public

My commission Expires: April 17, 2021

MARY DEHAAN
Official Seal
Notary Public – State of Illinois
My Commission Expires Apr 17, 2021

1