IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MUTNICK, for himself and others similarly situated, | ) ) ) | |
| | ) | Case No. 20 C 512 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| | ) | Judge Sharon Johnson Coleman |
| CLEARVIEW AI, INC.; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC, | ) ) ) ) ) | |
| Defendants. | | |
| ANTHONY HALL, on behalf of himself and all others similarly situated, | ) ) ) | |
| | ) | Case No. 20 C 846 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| | ) | Judge Sharon Johnson Coleman |
| CDW GOVERNMENT LLC and CLEARVIEW AI, INC., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS CLEARVIEW AI, INC., HOAN TON-THAT, AND RICHARD SCHWARTZ'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY**

Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, and Richard Schwartz (collectively, the "Clearview Defendants"), respectfully request that the Court enter an order staying the above-captioned matters, including further briefing on Plaintiff Mutnick's motion for preliminary injunction (Case No. 20-512, ECF Nos. 31-32, 39), pending the Court's decision on the Clearview Defendants' concurrently-filed motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer venue to the United States District Court for the Southern District of New York.

## INTRODUCTION

The Clearview Defendants appear to be in the middle of a contest between Chicago and New York lawyers angling to be appointed lead plaintiffs' counsel. Two months after the commencement of this litigation, Mutnick moved for a preliminary injunction. That same week, a competing team of plaintiffs lawyers in New York filed a motion to be appointed interim lead counsel. Mutnick subsequently moved to intervene in the New York proceedings and to have those proceedings dismissed or transferred to Illinois, touting his belated preliminary injunction motion. Regardless of the motivations behind Mutnick's belated motion, the Court and the parties should not expend their resources on briefing and a potential preliminary injunction hearing before the Court decides the threshold issue of whether it has jurisdiction over the defendants.[1] A stay of this litigation is accordingly appropriate.

## BACKGROUND

On January 22, 2020, Plaintiff Mutnick filed a putative class action complaint against the Clearview Defendants asserting eleven causes of action, including multiple claims for violations of the U.S. Constitution and the Illinois Biometric Information Privacy Act ("BIPA"). (Case No. 20-512, ECF No. 1.) On February 5, 2020, Plaintiff Hall filed a similar complaint, which was later consolidated with the *Mutnick* case. (ECF No. 37.)

Numerous similar class actions were also filed against the Clearview Defendants, including in New York, California, and Virginia.[2] By the end of March, it became clear that the Southern

---

[1] Courts have held that personal jurisdiction should be resolved before a motion for a preliminary injunction is decided. *See Alpha Tau Omega Fraternity v. Pure Country, Inc.*, 185 F. Supp. 2d 951 (S.D. Ind. 2002); *see also KFC Corp. v. Texas Petroplex, Inc.*, No. 3:11-cv-00479, 2012 WL 4760848 (W.D. Ky. Oct. 5, 2012); *Animale Grp., Inc. v. Sunny's Perfume, Inc.*, No. 507-cv-13, 2007 WL 760373 (S.D. Tex. Mar. 8, 2007).

[2] *Roberson v. Clearview AI, Inc.*, No. 20-cv-00111-RDA-MSN (E.D. Va. Feb. 3, 2020); *Calderon*

District of New York—the only forum that undisputedly has personal jurisdiction over the Clearview Defendants—was becoming the center of gravity for disputes related to Clearview's business practices. Specifically, two complaints had been filed there (*Calderon* and *Broccolino*), and the Clearview Defendants had filed motions to transfer two other cases there (*Burke* and *Roberson*).[3]

Following this flurry of pre-pandemic activity centered around New York, on April 8, 2020, more than two months after launching this litigation, Mutnick suddenly believed he was facing imminent harm and filed a motion for a preliminary injunction against the Clearview Defendants. (ECF Nos. 31-32, 39.) The timing of Mutnick's belated motion suggests it was intended not to address any imminent or ongoing harm, but rather to position Plaintiff's counsel for appointment as lead counsel in this litigation. Indeed, that same week, a competing team of plaintiffs lawyers in New York moved to be appointed interim lead counsel.[4] And less than two weeks later, after a third complaint was filed in New York (*McPherson*), Mutnick filed a motion to intervene and to dismiss the cases pending in New York, which now includes a fourth case, transferred from California.[5] In those filings, one of Mutnick's primary arguments for dismissal

---

*v. Clearview AI, Inc.*, No. 1:20-cv-01296-CM (S.D.N.Y. Feb. 13, 2020); *Burke v. Clearview AI, Inc.*, No. 1:20-cv-03104-CM (S.D.N.Y. Feb. 27, 2020); *Broccolino v. Clearview AI, Inc.*, No. 1:20-cv-02222-CM (S.D.N.Y. Mar. 12, 2020); *Thornley v. Clearview AI, Inc.*, No. 2020-CH-03377 (Cir. Ct. Cook County Mar. 19, 2020); *McPherson v. Clearview AI, Inc.*, No. 1:20-cv-03053-CM (S.D.N.Y. Apr. 15, 2020).

[3] *See* Mot. to Transfer Venue, *Burke v. Clearview AI, Inc.*, No. 3:20-cv-00370-BAS-MSB (S.D. Cal. Mar. 31, 2020), ECF No. 4; Mot. to Transfer Venue, *Roberson v. Clearview AI, Inc.*, No. 20-cv-00111-RDA-MSN (E.D. Va. Mar. 25, 2020), ECF Nos. 12-14.

[4] *See Calderon v. Clearview AI, Inc.*, No. 1:20-cv-01296-CM (S.D.N.Y.), ECF No. 17.

[5] *See Calderon v. Clearview AI, Inc.*, No. 1:20-cv-01296-CM (S.D.N.Y), ECF No. 22; *Burke v. Clearview, AI, Inc.* 1:20-cv-03104, ECF No. 16; *Broccolino v. Clearview AI, Inc.*, No. 1:20-cv-02222-CM (S.D.N.Y.), ECF No. 10; *McPherson v. Clearview AI, Inc.*, No. 1:20-cv-03053 (S.D.N.Y.), ECF No. 12.

of the New York matters was that he had filed a motion for preliminary injunction in this Court and that "substantive action has taken place" in this case.[6]

On April 27, 2020, concurrently with this motion to stay, the Clearview Defendants filed a motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer venue to the Southern District of New York.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Tex. Independent Producers & Royalty Owners Ass'n v. EPA,* 410 F.3d 964, 980 (7th Cir. 2004) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). When ruling on a stay, courts consider (1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed. *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009). These factors each weigh in favor of a stay of the above-captioned cases.

*First*, a stay would preserve judicial resources. Mutnick's preliminary injunction motion raises complicated substantive issues, and would require the Court to address the merits of Mutnick's eleven causes of action, including numerous claims of constitutional and BIPA violations. Before the Court and the parties spend time and resources addressing these merits issues, the Court should decide the threshold issue of whether this litigation will even proceed in this forum. For all the reasons set forth in the Clearview Defendants' concurrently filed motion to dismiss or transfer, these litigations should proceed in the Southern District of New York, which

---

[6] *See Calderon v. Clearview AI, Inc.*, No. 1:20-cv-01296-CM (S.D.N.Y), ECF No. 22 at 2.

is the only forum that has personal jurisdiction over all of the Clearview Defendants and where four similar putative class actions are pending.

A stay is warranted in these circumstances. *See, e.g.*, *Paul*, 2009 WL 2244766, at *1 (granting stay pending a transfer motion because otherwise "this court would have wasted judicial resources by addressing various pre-trial motions that could have been resolved in the transferee court"); *see also In re Fusion—IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012) (directing the district court to stay proceedings pending a decision on a motion to transfer because the transfer decision should be made "before proceeding to any motion on the merits of the action"); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (explaining that deciding a timely transfer motion should be "top priority").

*Second*, Plaintiffs will not be prejudiced by a stay. As an initial matter, this case is still in its infancy. No responsive pleading is on file, the Court has not issued a scheduling order or taken material action in the case, and discovery has not commenced. *See Kotlyar v. Univ. of Chicago Med. Ctr.*, No. 17 C 4729, 2017 WL 5911287, at *2 (N.D. Ill. Nov. 30, 2017) (stay would not prejudice plaintiff because the case was "still in the very preliminary stages"); *Paul*, 2009 WL 2244766, at *1 (concluding that stay would not prejudice plaintiffs because discovery had not yet begun). Moreover, Mutnick filed his motion for a preliminary injunction more than two months after he filed his complaint, demonstrating that he has no urgent desire to obtain the requested relief. Instead, as discussed above, Mutnick's motion is more likely part of an effort to position Plaintiff's counsel for appointment as lead counsel after several other cases were filed in or transferred to New York. Mutnick's own delay in waiting to file a preliminary injunction motion confirms that he will not be prejudiced by a stay, and the Court should not credit Mutnick's strategic attempt to manufacture urgency two months after first suing Clearview.

5

*Third*, the Clearview Defendants will be prejudiced if a stay is not granted. Without a stay, the Clearview Defendants would be subject to unnecessary briefing (including responding to Plaintiff's preliminary injunction motion and potentially conducting a merits hearing on the motion), duplicative proceedings, and the potential for inconsistent rulings. This prejudice to the Clearview Defendants outweighs any theoretical prejudice to Plaintiffs from not entering a stay. *See, e.g.*, *Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002) (ordering a stay pending transfer decision because "the threat of inconsistent rulings outweighs the prejudice to the [non-moving party] from delay"); *Azar v. Merck & Co.*, 3:06-cv-0579 AS, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006) ("[A]llowing pretrial proceedings to continue poses a significant risk of duplicative motions and discovery that could result in needless expense and inequity to [defendant].").

## CONCLUSION

For the foregoing reasons, the Clearview Defendants respectfully request that the Court enter an order staying the above-captioned litigations pending the Court's decision on the Clearview Defendants' concurrently-filed motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer venue to the Southern District of New York.

DATED: April 27, 2020        JENNER & BLOCK LLP

By:    */s/ Lee Wolosky*
       Lee Wolosky (admitted *pro hac vice*)
       Andrew J. Lichtman (*pro hac vice* pending)
       JENNER & BLOCK LLP
       919 Third Avenue
       New York, New York 10022-3908
       Phone: (212) 891-1600
       lwolosky@jenner.com
       alichtman@jenner.com

       Howard S. Suskin
       David P. Saunders
       JENNER & BLOCK LLP
       353 North Clark Street
       Chicago, Illinois 60654
       Phone: (312) 222-9350
       hsuskin@jenner.com
       dsaunders@jenner.com

       *Attorneys for Defendant Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz*

## CERTIFICATE OF SERVICE

I certify that on April 27, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By: /s/ Lee Wolosky
*Lee Wolosky*
