IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, | Case No. 20 C 512 |
| Plaintiff, | Judge Sharon Johnson Coleman |
| v. | Magistrate Judge Maria Valdez |
| CLEARVIEW AI, INC.; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC | |
| Defendants. | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REASSIGNMENT

### INTRODUCTION

Plaintiff acknowledges that there has been some confusion about the relief sought by Plaintiff's Motion for Reassignment and Consolidation. Dkt. 34. However, in response to the Court's email inquiry and his Clarified Motion for Reassignment (Dkt. 40), he has made clear that the relief sought is reassignment pursuant to Local Rule 40.4. Even though Plaintiff does not seek consolidation, Defendants ask the Court to order consolidation. Dkt. 42-43. The Court should not order consolidation. In addition to there being no motion seeking consolidation, consolidation is improper because: (a) it is premature; and (b) it will prejudice Plaintiff.

### PROCEDURAL HISTORY

*The Northern District of Illinois Litigation*

Plaintiff filed his Class Action Complaint on January 22, 2020 in the Northern District of Illinois (the "Northern District"). Dkt 1. Plaintiff filed an amended class action complaint on

1

January 29, 2020 ("Plaintiff's Complaint"). Dkt. 6. Plaintiff Hall filed his complaint in the Northern District on February 5, 2020. *Hall* Dkt. 1.

Another Illinois case alleging BIPA violations against Defendant Clearview is pending in the Circuit Court of Cook County, Illinois. Dkt. 48 at 3, n.2. Defendants Clearview AI, Inc.; Hoan Ton-That and Richard Schwartz (collectively, the "Clearview Defendants") have not removed that case to this Court. *See id.*

***The Southern District of New York Litigation***

There currently are four cases pending against the Clearview Defendants – in whole or in part – in the Southern District of New York (the "New York Litigation"). *See* Dkt. 52-2 at ECF 10-12. The first Southern District of New York (the "Southern District") case – *Calderon v. Clearview AI, Inc.* ("*Calderon*") – was filed on February 13, 2020; the second – *Broccolino v. Clearview AI, Inc.* ("*Broccolino*") – on March 12, 2020; the third – *McPherson v. Clearview AI, Inc.* ("*McPherson*") – on April 15, 2020; and the fourth – *Burke v. Clearview AI, Inc.* ("*Burke*") – on April 17, 2020.[1] *See id.* The plaintiffs in *McPherson* and *Burke* are represented by the same counsel. *See id.* at ECF 12.

***The Clearview Defendants' Motion to Dismiss or to Transfer Venue***

In response to Plaintiff's motion in the Southern District to intervene and dismiss the New York Litigation or, alternatively, to stay or transfer it to this Court (*see* Dkt. 52-2), the Clearview Defendants moved to dismiss Plaintiff's and Hall's complaints for lack of personal jurisdiction or, alternatively, to transfer those cases to the Southern District. Dkt. 45-46. In the motion, the Clearview Defendants repeatedly assert that more cases are pending in the Southern District than this District. *See* Dkt. 46 at ECF 8 ("four nearly identical putative class actions" are pending); ECF

---

[1] The fourth case initially was filed in the Southern District of California on February 27, 2020. Dkt. 52-2 at ECF 11-12. The plaintiffs in that case agreed to transfer the case to the Southern District. *See id.*

11 (the "present cases substantially overlap with four cases pending in the Southern District"); ECF 17 (arguing for transfer to Southern District, where "four similar putative class action cases are pending"); ECF 19 (same).

**ARGUMENT**

**I.     Legal Standards.**

Federal Rule of Civil Procedure 42(a)(2) permits a court to consolidate actions if they involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). In deciding whether to consolidate two cases, a court must weigh the interest of judicial economy against the potential for confusion, prejudice and delay. *In re Brand Name Prescription Drugs Antitrust Litig.*, 1995 WL 399684, at *2 (N.D. Ill. July 7, 1995).

**II.    Plaintiff Does Not Seek Consolidation.**

As made clear in Plaintiff's response to the Court's email inquiry and his Clarified Motion for Reassignment, Plaintiff does not seek consolidation with *Hall*. *See* Dkt. 40. Plaintiff acknowledges that his original motion could have been more precise. However, throughout that motion, Plaintiff argued for reassignment. Dkt. 34. Indeed, each argument section is phrased in terms of reassignment and relatedness: (a) "I. *Mutnick* and *Hall* Are Related and Should Be Reassigned to This Court"; and (b) "II. *Hall* Should Be Reassigned to the Honorable Sharon Johnson Coleman." *Id.* at 3-5. Because Plaintiff does not seek consolidation, and Defendants have not moved for consolidation, the Court should not order consolidation.

**III.   Consolidation of *Mutnick* and *Hall* Is Not Proper.**

Even if Defendants had moved for consolidation, it would be improper for the Court to grant that relief. As a threshold matter, consolidation is premature. There are many later-filed cases pending in the Southern District. Plaintiff has moved to intervene in those cases and have them

3

dismissed or transferred to this District. *See* Dkt. 52-2. Given Defendants' push to consolidate this case and *Hall*, it is fair to presume that they will later seek to consolidate the New York Litigation with this case. Defendants fail to address this fact or explain why consolidation of some cases now is preferable to waiting until the pending motions in the Southern District and this District are resolved. While Plaintiff does not concede that his case should be consolidated with the New York Litigation, it would be more efficient to address all consolidation issues at once, rather than doing it piecemeal.

Additionally, consolidation will prejudice Plaintiff. The Clearview Defendants have emphasized that transfer of *Mutnick* and *Hall* to the Southern District is appropriate because more cases have been filed there. *See* Dkt. 46 at ECF 8,11, 17, 19. By pushing for consolidation of *Mutnick* and *Hall*, Defendants seek to reduce the number of cases pending in this District from two to one, in hopes of strengthening their motion to transfer and weakening Plaintiff's motion to intervene in the New York Litigation and dismiss, stay or transfer those cases. Further, evidence of Defendants' intent is the fact that they have not removed the pending case in the Circuit Court of Cook County, Illinois to this District.[2]

---

[2] As set forth in Plaintiff's motion to intervene, it is reasonable to infer that the plaintiffs in the New York Litigation are assisting the Clearview Defendants with their efforts. *See* Dkt. 52-2 at ECF 17. The same plaintiff's firm filed the *McPherson* case in the Southern District within days of agreeing to have *Burke* transferred to the Southern District – pushing the total number of Southern District cases from two to four. Moreover, the Clearview Defendants have not removed to this District a pending case in the Circuit Court of Cook County in a seeming effort to keep the number of cases filed here at two, instead of three.

**CONCLUSION**

This Court should not consolidate *Hall* with this case. Plaintiff does not seek consolidation, and Defendants have not moved for consolidation. Moreover, consolidation is premature and would prejudice Plaintiff.

Dated: May 1, 2020

                                                  Respectfully submitted,

                                                  /s/ Scott R. Drury
                                                  SCOTT R. DRURY

Arthur Loevy
Michael Kanovitz
Jon Loevy
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
arthur@loevy.com
mike@loevy.com
jon@loevy.com
drury@loevy.com

## CERTIFICATE OF SERVICE

I, Scott R. Drury, an attorney, hereby certify that, on May 1, 2020, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Scott R. Drury
*One of David Mutnick's Attorneys*
