**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 20-cv-512 ) ) Hon. Sharon Johnson Coleman |
| CLEARVIEW AI, INC.; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC, | ) ) ) ) |
| Defendants. | ) ) |

**CLEARVIEW DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## INTRODUCTION

Plaintiff waited nearly three months into this litigation—until a contest for lead class counsel was underway—before asserting the need to stop some ongoing and imminent harm, and to ask the Court to do something that no court appears to have done before: Issue a preliminary injunction pursuant to the Illinois Biometric Information Privacy Act ("BIPA"). Plaintiff's motion (ECF Nos. 31–32, 39) (the "Motion") gives no reason for that to happen for the first time here. The Motion should be denied.[1]

Plaintiff's Motion fails to address numerous threshold issues of law.

First, for the reasons set forth in their motion to dismiss (*see* ECF Nos. 45–46), Clearview AI, Inc. and Messrs. Hoan Ton-That and Richard Schwartz (together, the "Clearview Defendants") are not subject to personal jurisdiction here. This fact alone is fatal to Plaintiff's Motion.

Second, the relief Plaintiff seeks has been mooted. Without admitting that BIPA applies to it (and for the reasons discussed below, it does not) Clearview has taken and is continuing to take comprehensive steps to prevent the collection of facial vectors from photos associated with Illinois, and to prohibit the searching of existing photos associated with Illinois. Moreover, Clearview has taken steps to secure and implement limits regarding the retention of any Illinois photos. Clearview is terminating access rights to its app for all account holders based in Illinois and is terminating the accounts of any non-law enforcement or government entity. In short, each aspect of the requested relief has been mooted. Significantly, Plaintiff does not seriously contend otherwise.[2]

---

[1] Plaintiff's Motion refers only to claims under BIPA. To the extent that Plaintiff asserts he is entitled to an injunction because of any of his other claims, the Clearview Defendants reserve the right to seek leave to submit briefing addressing those claims.

[2] *See* Declaration of Lee Wolosky ("Wolosky Decl."), Exs. 1-3.

Third, BIPA does not apply to Clearview. BIPA cannot reach a defendant's conduct—like that here—occurring outside of Illinois. If BIPA were applied in an extraterritorial fashion, as Plaintiff demands, it would violate the dormant Commerce Clause. And finally, Plaintiff's allegation that Clearview is acting as an "agent" of law enforcement, *Mutnick* FAC ¶ 37, and with "state actors," *id.* ¶ 38, precludes BIPA's application here pursuant to an express exemption.

Fourth, even if the Court were to conclude that it has jurisdiction, that the Motion is not moot, and that BIPA applies to Clearview, Plaintiff cannot show that he has a likelihood of success under BIPA.

Finally, even assuming the Clearview Defendants were subject to jurisdiction in Illinois, the Motion had not been mooted by Clearview's actions, BIPA applied to Clearview, and Plaintiff could demonstrate a likelihood of success on the merits, the Motion should *still* be denied. Given the availability of statutory damages, Plaintiff cannot meet his burden of showing an inadequate remedy at law. The equities also disfavor an injunction. To take any additional steps beyond those already taken by Clearview would effectively put Clearview out of business. Conversely, in light of the actions already taken by Clearview, Plaintiff stands to gain little more from an injunction. For these reasons and those below, the Motion should be denied.

## BACKGROUND

**Clearview AI, Inc.**

Hoan Ton-That and Richard Schwartz, both New York residents, co-founded Clearview. They respectively manage information technology and sales for the company, and Ton-That also serves as the company's chief executive officer. ECF No. 46-7, ¶ 1; ECF No. 46-2, ¶ 1.

Clearview is a startup that collects publicly-available images on the internet and organizes them into a searchable database, which Clearview's licensed users can then search. ECF No. 46-

2

7, ¶ 6; Declaration of Thomas Mulcaire ("Mulcaire Decl.") ¶ 3. Clearview only offers an online app through which users can search images. Mulcaire Decl. ¶ 3. Clearview's technology searches the "open web" and public sources for image files, and downloads the files and webpage URLs into a database. *Id.* ¶¶ 4, 9. The images that Clearview accesses are available to anyone with an internet connection. *Id.* ¶ 4.

Clearview has never experienced a data breach related to personal information, and it implements reasonable security safeguards for its data. *Id.* ¶¶ 12–14. Clearview does not sell, lease, or disseminate any biometric information to its customers. *Id.* ¶ 10.

**Voluntary Steps Taken by Clearview**

As part of an ongoing business review commenced prior to the Motion, Clearview has recently and voluntarily changed its business practices to avoid including data from Illinois residents and to avoid transacting with non-governmental customers anywhere. Specifically, Clearview is cancelling the accounts of every customer who was not either associated with law enforcement or some other federal, state, or local government department, office, or agency. Clearview is also cancelling all accounts belonging to any entity based in Illinois. *Id.* ¶ 16. All photos in Clearview's database that were geolocated in Illinois have been blocked from being searched through Clearview's app. *Id.* ¶ 17. Going forward, Clearview has constructed a "geofence" around Illinois, and will not collect facial vectors from images that contain metadata associating them with Illinois. *Id.* ¶¶ 21–24. Clearview will not collect facial vectors from images stored on servers that are displaying Illinois IP addresses or websites with URLs containing keywords such as "Chicago" or "Illinois." *Id.* ¶ 23. Clearview is also implementing an opt-out mechanism to exclude photos from Clearview's database. *Id.* ¶ 25. Clearview's terms of use require users of the Clearview app to, among other things, agree to only use the app for law

enforcement purposes and to not upload photos of Illinois residents. *Id.* ¶¶ 11, 20. To the extent that a user nonetheless tries to upload a photo with metadata associating it with Illinois, Clearview will not initiate a search with that image or generate a face vector. *Id.* ¶ 19.

**Procedural History**

Plaintiff filed this putative class action on January 22, 2020. ECF No. 1. On April 8, 2020 Mutnick filed this Motion. ECF Nos. 31–32, 39. Mutnick's delayed timing suggests that he was not concerned about imminent harm, but rather about positioning himself to be appointed lead counsel in this litigation. Indeed, one day after Mutnick filed the Motion, plaintiffs' lawyers in New York moved to be appointed interim lead counsel. *See Calderon v. Clearview AI, Inc.*, No. 20-cv-01296 (S.D.N.Y.), ECF No. 17. Mutnick then attempted to get plaintiffs in New York to refile their cases in Illinois, but, not succeeding, moved to intervene and to dismiss the New York cases, explicitly arguing that his case was further along because of his belated motion for preliminary injunction. *See, e.g.*, *McPherson v. Clearview AI, Inc.*, No. 20-cv-03053 (S.D.N.Y.), ECF No. 13, at 11–12. The Clearview Defendants subsequently moved to dismiss for lack of personal jurisdiction, or for a transfer to the Southern District of New York. ECF Nos. 45–46.

In advance of submitting this brief, counsel for Clearview contacted counsel for Plaintiff and explained the steps that Clearview is in the process of taking and that moot this Motion. Plaintiff's Counsel refused to withdraw his Motion. Wolosky Decl. ¶ 3. Plaintiff's insistence on proceeding further reveals that the Motion is little more than a litigation ploy, made in an effort to advance a claim to lead counsel, rather than a genuine request for meritorious relief.

**ARGUMENT**

The Court should deny Plaintiff's Motion because Clearview is not subject to jurisdiction in Illinois, because the Motion is moot, because BIPA does not apply to Clearview, and because

Plaintiff has not met his burden for obtaining an injunction.

## I. Legal Standard

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (original emphasis)). To justify this relief, Plaintiff has the burden of showing that: (1) he has a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) he will suffer irreparable harm, which, absent injunctive relief, outweighs the irreparable harm Clearview will suffer if the injunction is granted; and (4) the requested injunction will not harm the public interest. *Goodman*, 430 F.3d at 437. Not once in a reported case has a plaintiff suing under BIPA met this burden, and there is no reason to make this case the first one.

## II. The Motion for a Preliminary Injunction Should Not Be Ruled upon Until Defendants' Jurisdictional Defenses Are Addressed

Despite knowing that Clearview is a New York company and that the individual defendants are New York residents, Plaintiff's Motion fails to address the threshold question of personal jurisdiction. For the reasons given in Clearview's Motion to Dismiss, which are adopted and incorporated here, the Clearview Defendants are not subject to personal jurisdiction in Illinois. ECF No. 46. As set forth in those filings, the Clearview Defendants are not subject to general jurisdiction in Illinois because Clearview as a business is not "at home" in Illinois, and because neither individual defendant has *any* relationship to Illinois. *Id.* at 11–12. Specific jurisdiction is also lacking because Plaintiff has made *zero* jurisdictional allegations related to the individual defendants' conduct in Illinois and the allegations as to Clearview are all focused on the acts of third parties or Plaintiff, none of which are sufficient to subject Clearview to jurisdiction. *Id.* at

5

12–17. Plaintiff also fails to allege suit-related contacts sufficient to support specific jurisdiction; the alleged contracts between Clearview and Illinois entities are untethered to any alleged injury suffered by Plaintiff under BIPA. *Id*. at 16–17. As a result, the Clearview Defendants are not subject to personal jurisdiction in Illinois and cannot be enjoined by a court in Illinois. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), *as corrected* (May 12, 2014) (holding that for a "preliminary injunction to be valid," the issuing court must "have personal jurisdiction over the defendant").

### III. Clearview Has Voluntarily Rendered the Motion Moot

Even if the Clearview Defendants were subject to personal jurisdiction, Plaintiff's Motion should still be denied because it is moot. Clearview addressed each and every one of Plaintiff's requested areas of relief. There is no need to impose an injunction because Clearview will maintain the revised practices until the relevant legal issues are resolved.

Without admitting that BIPA applies to it, Clearview has taken steps to avoid collecting information that originates in or is associated with Illinois (the "Illinois Information"). Mulcaire Decl. ¶¶ 15–22. Specifically, Clearview will no longer run facial vectors on images from servers in Illinois and has adjusted its collection methods to avoid running facial vectors on photos with metadata associating the photo with Illinois. *Id.* ¶¶ 21–22. Clearview will also be offering Illinois residents the ability to visit Clearview's website and opt out of the use of their facial vectors or images. *Id.* ¶ 23. Clearview has blocked access to Illinois Information until the conclusion of these litigations. In the meantime, Clearview is taking measures to secure the Illinois Information. *Id.* ¶¶ 16–17.

Clearview is also cancelling all contracts with non-law enforcement or government entities anywhere, as well as all contracts with all Illinois-based entities. *Id.* ¶ 15. Clearview's terms of

use require app users to agree to a series of restrictions and permissible purposes for app use, and prohibits users from uploading images of Illinois residents. *Id.* ¶ 18. Plaintiff has admitted that these changes will benefit the class. *See Calderon*, ECF No. 41, at 7 (acknowledging Clearview's changes are "to the benefit of Class Members"). Because Clearview has already addressed the relief being sought, the Motion should be denied. *See Kessler v. Pass*, No. 18-cv-530, 2018 WL 5307821, at *1 (S.D. Ill. Oct. 26, 2018) (injunctions sought for conduct that defendants have already voluntarily provided "serve no purpose" and should not be granted); *White v. Rozum*, No. 06-cv-244, 2007 WL 218709, at *2 (W.D. Pa. Jan. 25, 2007) ("The Court sees no point in enjoining Defendants to do what they have already done[.]").

## IV. Plaintiff Has Not Demonstrated That He Can Succeed on the Merits

Even if the Clearview Defendants were subject to jurisdiction, and even if the Motion were not moot, Plaintiff cannot show that he can succeed on the merits of his claim.[3]

### A. Clearview Is Not Subject to BIPA

Nowhere does Plaintiff's Motion address the threshold issue of whether BIPA applies to Clearview. Because BIPA does not apply to Clearview, Plaintiff's Motion fails.

#### 1. BIPA Has No Extraterritorial Effect

BIPA does not apply to Clearview for the simple reason that the alleged wrongful conduct occurred primarily and substantially in New York, not Illinois. As Plaintiff has admitted elsewhere, BIPA does not have any extraterritorial application. *See Calderon*, ECF No. 41, at 6, 13; s*ee also Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 852–54, 217 Ill. 2d 100,

---

[3] If the Court concludes that the Clearview Defendants are subject to personal jurisdiction in Illinois, they will be filing a motion to dismiss pursuant to, among other things, Fed. R. Civ. P. 12(b)(6). The Clearview Defendants reserve the right to raise additional bases for dismissal in that motion than those referenced herein.

183–87 (Ill. 2005). Illinois statutes without extraterritorial effect permit a right of action only where the circumstances relating to the alleged violation occurred "primarily and substantially in Illinois." *Avery*, 835 N.E.2d at 852–54. BIPA contains no express provision for extraterritorial effect, and so it applies only to alleged violations within Illinois.

This is not a case where an out-of-state company reached into Illinois to collect information from Illinois residents. *See Neals v. PAR Tech. Corp.*, 419 F. Supp. 3d 1088, 1090–91 (N.D. Ill. 2019) (plaintiff provided her fingerprint to defendant while in Illinois). Likewise, this is not a case where an Illinois resident had an interaction with the defendant in Illinois; in fact, the Plaintiff alleges he had no interaction with Clearview anywhere, at all. *Compare Patel v. Facebook, Inc.*, 932 F.3d 1264, 1276 (9th Cir. 2019) (collection occurred where users interacted with app), *with Mutnick* FAC ¶¶ 27–35 (alleging Plaintiff had no interation directly with Clearview).

Plaintiff instead alleges the obvious: that his and the putative class' images were created in and uploaded by devices in Ilinois. *Mutnick* FAC ¶ 17. Plaintiff does not and cannot allege that he provided Clearview with any information. Clearview has no business operations or servers in Illinois. Mulcaire Decl. ¶¶ 2, 4. The business activities challenged by Plaintiff occurred undisputedly in New York, where Clearview's offices are located and its employees transact its business. *Id.* ¶¶ 2, 4. And rather than alleging actions that occurred "primarily and substantially" in Illinois—as he must to confer jurisdiction—Plaintiff claims that Clearview "gather[ed] information on millions of American citizens" from its headquarters in New York, "furnish[ed] this data to law enforcement agencies throughout the United States," and "executed agreements with hundreds of state actors in jurisdictions throughout the country." *Mutnick* FAC ¶¶ 2, 13, 38. Plainly put, nothing that *Clearview* did occurred in Illinois. Since BIPA does not have extraterritorial application, Plaintiff's Motion fails.

8

### 2. The Dormant Commerce Clause Precludes Application of BIPA

Even if BIPA had extraterritorial reach, applying BIPA to Clearview here would violate the dormant Commerce Clause, which "precludes the application of a state statute" that has "the practical effect of . . . control[ling] conduct beyond the boundaries of the State," "whether or not the commerce has effects within the State." *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 & n.1 (1989). The dormant Commerce Clause prevents "inconsistent legislation arising from the projection of one state regulatory regime into the jurisdiction of another State." *Id.* at 337. Otherwise, "any state that has chosen a policy more laissez faire than [Illinois's] would have its choices stymied, because the state that has chosen more regulation could always trump its deregulated neighbor." *Morley-Murphy Co. v. Zenith Elecs. Corp.*, 142 F.3d 373, 379 (7th Cir. 1998).

In this case, Plaintiff asks the Court to extend the reach of an Illinois statute over commerce conducted in other states. Doing so would "exalt the public policy of one state over that of another" in precisely the manner prohibited by the dormant Commerce Clause. *Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660, 668 (7th Cir. 2010). This case presents an egregious example because Clearview's home state has considered BIPA-style legislation, but has never enacted it. *See, e.g.*, A1911, Assemb., Reg. Sess. (N.Y. 2019); S1203, Senate, Reg. Sess. (N.Y. 2019). Plaintiff's claims seek to expand Illinois law "beyond the boundaries of the state" and so allow Illinois to "tell out-of-state companies how to operate their businesses." *Legato Vapors, LLC v. Cook*, 847 F.3d 825, 834 (7th Cir. 2017). Applying BIPA here would violate the dormant Commerce Clause.

### 3. BIPA Does Not Apply to State and Local Government Contractors

Plaintiff alleges that Clearview acted "as an agent of law enforcement," including the Chicago Police Department ("CPD"), and as an agent of "state actors." *Mutnick* FAC ¶¶ 37-39.

9

These allegations are fatal to Plaintiff's attempted application of BIPA. BIPA expressly exempts the conduct of "State or local government agenc[ies]." 740 ILCS 14/10. That exemption also extends to any "contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25(e). That is exactly what Plaintiffs allege Clearview is: An agent of government.[4] And if it were not an agent of the Chicago or Illinois governments, Clearview operates as an agent for other state and federal entities, putting Clearview within the scope of BIPA's exemption and outside of BIPA's reach.

### B. Plaintiff Waived Any Claim by Making His Photos Publicly Available

Once an individual makes information available to the public, he or she waives the right to later claim that information remained personal or confidential. *Smith v. Maryland*, 442 U.S. 735, 743–44 (1979). Given Plaintiff's voluntary act of making his photos public on the internet, he has waived any right to privacy with respect to those photos.

That an individual can chose to share or discard their confidential information has long been part of this nation's jurisprudence. *See, e.g.*, *California v. Greenwood*, 486 U.S. 35, 41 (1988) (holding there is no reasonable expectation of privacy in items discarded outside the home); *United States v. Caira*, 833 F.3d 803, 806 (7th Cir. 2016) ("[A] person has no legitimate expectation of privacy in information he voluntarily turns over to third parties[.]"). This jurisprudence has been extended to the action of posting photos online. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 994 (9th Cir. 2019) (affirming injunction barring suit for collecting publicly-available information from LinkedIn pages); *Citizens Info. Assocs., LLC v. Justmugshots.com*, No. 12-cv-573, 2012 WL 12874898, at *4 (W.D. Tex. Dec. 18, 2012) (permitting access to public mugshots).

---

[4] CPD and the City are a single, indivisible legal entity. *See Singleton v. E. Peoria Police Dep't*, No. 15-CV-1503, 2016 WL 225692, at *5 (C.D. Ill. Jan. 19, 2016); *Harrison v. City of Chicago*, No. 05 C 2680, 2005 WL 3542576, at *2 (N.D. Ill. Dec. 22, 2005).

The Illinois Supreme Court has recognized that a purpose of BIPA is to "vest[] in individuals and customers the right to control their biometric information by requiring notice before collection and giving them the power to say no by withholding consent." *Rosenbach v. Six Flags Entm't Corp.*, 129 N.E.3d 1197, 1206, 432 Ill. Dec. 654, 663 (Ill. 2019). As such, BIPA protects material akin to "confidential and sensitive information." 740 ILCS 14/15(e)(2). Any information an individual makes available to the public by its very nature cannot be confidential and cannot be expected to remain private. *Cf. Bernal v ADP, LLC*, No. 2017-CH-12364, 2019 WL 5028609, at *1 n.9 (Ill. Cir. Ct. Aug. 23, 2019) ("[T]here is little reason to believe that [BIPA's] applicability should extend beyond the point at which an individual has the right to withhold consent.").

Here, Plaintiff admits that he voluntarily posted his photos publicly on third-party websites. *Mutnick* FAC ¶¶ 28-30. That admission undercuts any notion that Clearview "st[ole]" photos. *See id.* ¶ 35. By making his photos public, Plaintiff waived his claims to their confidentiality. For good reason, no court has held that BIPA applies to publicly-available photos—an issue wholly ignored by Plaintiff—further diminishing Plaintiff's likelihood of success. BIPA, in fact, specifically exempts photographs, 740 ILCS 14/10, meaning that regardless of whether Clearview "stole" photographs in the public domain, those photographs cannot be the subject of a BIPA claim.

## V. Plaintiff Cannot Show a Likelihood of Success on the Merits

Plaintiff asserts he has a "high likelihood" of success on his BIPA claims because Clearview has "no substantive defense." ECF No. 32, at 15. For the reasons above and below, Plaintiff is wrong.

First, Plaintiff asserts that Clearview "cannot dispute that [it] do[es] not have the requisite

11

written policy regarding the retention schedule and destruction guidelines for the Biometric Identifiers." *Id.* That is flatly wrong. Clearview does have a data-retention policy, which as described above, will cause all Illinois Information to be retained subject to the outcome of this litigation. Mulcaire Decl. ¶ 17; *see Bernal*, 2019 WL 5028609, at *2 (BIPA does not identify when a company needs to establish a retention policy).

Clearview's downloading of photographs alone cannot violate BIPA because photographs are exempt from BIPA. 740 ILCS 14/10. With respect to the information obtainable from Plaintiff's photos, Plaintiff's collection claim fails because by making his photographs publicly available on the internet, Plaintiff provided consent to the use of his photographs and the data contained therein by others. *See supra* Section IV.B; *see also* 5 ILCS 175/5-105, -115 (an "electronic record" satisfies statutory requirements for "written" documentation).

As to Plaintiff's allegations that Clearview is disseminating biometric identifiers and profiting from them, *Mutnick* FAC ¶¶ 94, 101, those fail because Clearview does not provide, sell, or disseminate any biometric identifiers or biometric information. Mulcaire Decl. ¶ 10. BIPA's restrictions cannot be read to prohibit apps like Clearview's; BIPA's purpose is to "regulat[e]" "biometric identifier-facilitated transactions," not to prohibit them. 740 ILCS 14/5(c), (g); *see also* 740 ILCS 14/5(a) (reciting advantages of the "use of biometrics").[5]

For all the foregoing reasons, Plaintiff faces an exceedingly improbable chance of success

---

[5] As used in BIPA, the clause in subsection 15(c), "or otherwise profit from," is meant to reinforce the prohibition on selling *biometric data*; it is not meant to prohibit the separate act of using biometrics but not selling or disseminating them. Any other interpretation would violate the basic rule of statutory construction that "when a statutory clause specifically describes several classes of persons or things and then includes 'other persons or things,' the word 'other' is interpreted to mean 'other such like.'" *Pooh-Bah Enters. v. Cty. of Cook*, 905 N.E.2d 781, 799, 232 Ill. 2d 463, 491 (Ill. 2009).

on the merits of his BIPA claims. As a result, the Court should deny the Motion.

## VI. Plaintiff Has Not Demonstrated That He Lacks an Adequate Remedy at Law

To demonstrate that he lacks an adequate remedy at law, Plaintiff must show that traditional legal remedies, like money damages, are inadequate. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). Plaintiff has not done so and cannot do so. BIPA provides an adequate remedy to Plaintiff in the form of statutory damages. *See TD Bank N.A. v. Hill*, 928 F.3d 259, 282 (3d Cir. 2019) (vacating permanent injunction where statutory damages provided an adequate remedy); *Zahedi v. McCalla Raymer, LLC*, No. 1:15-CV-525-WSD, 2015 WL 13779036, at *2 (N.D. Ga. Feb. 27, 2015) (similar); *ISM Sports, Inc. v. Provta*, No. 04-cv-0918, 2007 WL 316562, at *3 (E.D.N.Y. Jan. 30, 2007) (similar).

## VII. Plaintiff Has Not Demonstrated Irreparable Harm

Plaintiff cannot obtain a preliminary injunction unless he can show that he "will suffer irreparable harm in the interim—that is, harm that cannot be prevented or fully rectified by the final judgment after trial." *Roland Mach.*, 749 F.2d at 386. In an effort to meet his burden, Plaintiff asserts that Clearview does not properly secure personal information. ECF No. 32, at 13–14. Plaintiff's allegation is belied by undisputed facts. Mulcaire Decl. ¶ 12 (Clearview has not experienced a cybersecurity event related to any personal information). Plaintiff's counsel's musings about surveillance states and loss of liberty without any factual support through declarations or otherwise is simply not enough. *Mutnick* FAC ¶ 3; ECF No. 32, at 10, 13; *see Outdoor Lighting Perspectives Franchising, Inc. v. Stubbs*, No. 11-cv-2524, 2012 WL 12904016, at *2 (D.S.C. June 15, 2012) (equities are against injunctive relief where plaintiff offered "no real specifics to support" assertion of irreparable harm); *Pac. Trellis Fruit, LLC v. Agricola Yaurilla, S.A.*, No. 16-cv-4160, 2016 WL 9226379, at *1 (C.D. Cal. Oct. 17, 2016) (requiring more than

speculative irreparable harm).

Plaintiff ultimately does not face irreparable harm because Clearview has taken a series of voluntary measures to identify the Illinois Information, segregate it, and to prevent the collection or use of additional Illinois Information in the future. ECF No. 31, at 1 (requesting that Clearview not collect biometrics from Illinois residents). Clearview is also maintaining reasonable safeguards to secure the Illinois Information, *id.* at 2 (requesting that Clearview maintain "reasonable" security measures), and if so required, at the end of this litigation, will delete the Illinois Information, *id.* at 1 (requesting that Clearview maintain a document retention policy). Clearview does not sell, lease, trade, profit from, or disseminate any biometrics. *Id.* at 1-2. Because Clearview has mooted each element of Plaintiff's requested relief, Plaintiff will not suffer any harm, let alone irreparable harm, if the injunction does not issue. And if Clearview's actions were not sufficient in some way, BIPA allows for Plaintiff's harms to be "fully rectified" after trial. *Supra* Section VI.

**VIII.    The Balance of the Equities and the Public Interest Weigh Against an Injunction**

The balance of the equities weighs against imposing an injunction. Unsupported by any declarations, Plaintiff alleges that he will suffer harm without an injunction—an argument belied by Plaintiff's belated conduct—and disregards the harm that an injunction could have on Clearview and its law enforcement clients who use Clearview to assist in identifying victims and suspects in lawful criminal investigations.[6] ECF No. 32, at 15.

Clearview has taken reasonable steps to identify and exclude all Illinois Information from

---

[6] *See, e.g.*, Kashmir Hill & Gabriel J.X. Dance, *Clearview's Facial Recognition App Is Identifying Child Victims of Abuse*, N.Y. Times (Feb. 7, 2020), https://www.nytimes.com/2020/02/07/business/clearview-facial-recognition-child-sexual-abuse.html.

14

its apps. *Supra* at 3-4. A preliminary injunction requiring more would put Clearview out of business. No technology exists, for example, that would enable a company to comply with Plaintiff's requested relief to identify *every* publicly-available image belonging to an Illinois resident on the World Wide Web, and exclude those images from an app. Photos of Illinois residents can be uploaded from anywhere in the world, shared from website to website, and can lack any geolocation information.[7] Thus, if such relief were granted, Clearview would effectively be precluded from using its database of publicly-available images, notwithstanding the fact that it has put in place reasonable and comprehensive technical and practical safeguards to block the photos and biometrics of Illinois residents and to prevent Illinois residents from accessing its app.

The equities here therefore favor denying Plaintiff's Motion. The public would not be served by the imposition of a court order mandating actions Clearview has already taken on its own. *See Madonna v. Acad. Collection Serv., Inc.*, No. 95-cv-875, 1997 WL 530101, at *11 (D. Conn. Aug. 12, 1997) (refusing to impose injunction where defendant already voluntarily ceased the complained-of conduct), *aff'd*, No. 97-9109 (2d Cir. 1998). And depriving law enforcement agencies of Clearview's app would be *contrary* to the public's interest.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Preliminary Injunction.

---

[7] Plaintiff apparently expects Clearview to identify Illinois residents even if they take intentional steps not to be identified as such by hiding any electronic record of their residency. See Wolosky Decl., Ex. 2.

May 6, 2020                                                                 Respectfully submitted,


                                                                By:     /s/ Lee Wolosky
                                                                       Lee Wolosky (admitted pro hac vice)
                                                                       Andrew J. Lichtman (pro hac vice pending)
                                                                       JENNER & BLOCK LLP
                                                                       919 Third Avenue
                                                                       New York, New York 10022-3908
                                                                       Phone: (212) 891-1600
                                                                       lwolosky@jenner.com
                                                                       alichtman@jenner.com

                                                                       Howard S. Suskin
                                                                       David P. Saunders
                                                                       JENNER & BLOCK LLP
                                                                       353 North Clark Street
                                                                       Chicago, Illinois 60654
                                                                       Phone: (312) 222-9350
                                                                       hsuskin@jenner.com
                                                                       dsaunders@jenner.com

                                                                       Attorneys for Defendant Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz

**CERTIFICATE OF SERVICE**

      I certify that on May 6, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                            By:   /s/ Lee Wolosky
                                                 Lee Wolosky