IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLEARVIEW AI, INC; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC, <br><br> Defendants. | Case No. 20 C 512 <br><br> Judge Sharon Johnson Coleman |

**DECLARATION OF THOMAS MULCAIRE**

I, Thomas Mulcaire, hereby declare:

1. I am General Counsel at Clearview AI, Inc. ("Clearview"), and I have served in this role since September 2019. My duties as General Counsel include planning and executing our legal and regulatory compliance strategy, handling contractual matters, and managing outside counsel. I am familiar with Clearview's operations, including its information technology and sales operations. I have personal knowledge of the facts described below, and if called as a witness, I could and would testify competently thereto.

*Clearview's Operations.*

2. Clearview is a Delaware corporation with its headquarters and principal place of business in New York.

3. Clearview is a technology company that collects publicly available images on the internet. Clearview organizes these images into a searchable database, which can then be searched remotely by licensed users on the Clearview app.

1

4. Clearview's technology searches the "open web" and public sources for image files, and downloads the files and webpage URL into a database. Anyone with internet capability is able to access the files that Clearview downloads in its database. Any images downloaded by Clearview are stored on Clearview's servers located in New York and New Jersey.

5. Clearview downloads images blindly; that is, without knowledge of who the subject of the image is. Clearview cannot associate an image with a specific person's identity in any automated fashion.

6. At present, Clearview offers only an app providing access to its searchable database of images. Clearview AI does not market, license, or sell cameras or any other product.

7. Clearview does not have any employees, real estate, servers, bank accounts, or facilities in Illinois.

8. As described in more detail below, Clearview's customers are currently limited to non-Illinois law enforcement and government entities.

9. To run a search, a user accesses the app or website interface and uploads a photo in their possession, and the Clearview database searches for similar images, returning matching results just as a Google images search does. Clearview does not return the names of any individuals, just a thumbnail of a matching photos, with a link to the webpage containing the matching photo.

10. Clearview does not sell, lease, trade, or disseminate any biometric information to its customers.

11. Under Clearview's current user agreements, customers are required to agree to certain terms including, but not limited to:

      a. Users may use the app only for legitimate law enforcement and investigative purposes;

    b. Users may not use the service to research or identify any individuals residing or located in the state of Illinois, U.S.A.;

    c. Users may not use the service for any commercial purpose and may not sell, market, or license any photograph or other information discovered by using the app.

    d. Each user represents that it is authorized to use the service by a governmental agency or similar authority.

    e. Each user agrees that their use will be monitored by a single person within their organization, who will report to Clearview any impermissible uses of the service.

12. To the best of Clearview's knowledge, it has not experienced a cybersecurity event or other data security incident that resulted in the unauthorized access to or use of any biometric information or any of the photographs Clearview has collected from the Internet.

13. Clearview takes cybersecurity seriously. Clearview stores separately the publicly available photos Clearview downloads from the internet and the image vectors (the numerical representations of a person's facial geometry in a particular image) that Clearview generates from the photos that it downloads. All Clearview data is stored in a secure data center in the United States. The respective storage repositories are only accessible to a limited group of employees with the highest access privileges.

14. Clearview has implemented an internal cybersecurity review of our network infrastructure to detect and remediate vulnerabilities. Clearview also has begun a bug bounty program whereby Clearview pays ethical hackers to identify potential security issues, which can then be remediated. Clearview has added additional user password strengthening and verification requirements to its app, and has introduced two-factor authentication to its web service. Clearview is currently in the midst of a comprehensive overhaul of its application and data storage systems.

*Clearview's Voluntary Actions*

15. As part of Clearview's ongoing business operations, it has decided to take certain changes to its business practices.

16. Clearview is in the process of cancelling the accounts of *every* remaining user who was not either a law enforcement body or other federal, state, or local government department, office or agency. At the same time, Clearview is in the process of cancelling all user accounts belonging to *any* entity located in Illinois.

17. All photos in Clearview's database that were geotagged as having been uploaded in Illinois, or that have metadata, known as exif data, associating them with a geolocation within Illinois (the "Blocked Illinois Photos"), have been blocked from appearing in any search results. No one can query the database in a manner that will return those images. The Blocked Illinois Photos are subject to a document retention program at Clearview, which requires that they be preserved for the purpose of Clearview's ongoing litigation, such as this one.

18. No Clearview employees can currently search Clearview's database for the Blocked Illinois Photos. The employees with access to the photo and image vector databases have signed documentation stating that they understand that Clearview is storing the Blocked Illinois Photos for purposes related to ongoing litigation, and have agreed that they will not use the Blocked Illinois Photos for any other purpose.

19. Additionally, Clearview is in the process of modifying its search system so that user-uploaded images ("User Images") with location metadata associating the image with Illinois cannot initiate a search using the User Image.

20. Clearview has also included language in its user agreements to prohibit users from uploading photographs of individuals they know or reasonably believe to be Illinois residents.

21. Clearview has implemented a block on logins to its service from IP addresses associated with locations in Illinois to the greatest extent reasonably feasible.

22. Clearview has completed certain technical modifications to its collection methods to avoid collecting photos of Illinois residents in the future. First, Clearview has constructed a technical "geofence" around Illinois. Any photo Clearview collects whose metadata bears longitude and latitude data within Illinois will not be rendered into a searchable image vector or included in Clearview's searchable database.

23. Second, Clearview is blocking collection from pages with URLs or page titles that contain the terms "Chicago" and "Illinois", and is in the process of adding additional key terms to this blocking. These pages are not processed into Clearview's searchable database. Likewise, Clearview search results from webpages with URLs containing those same keywords that are currently in Clearview's database are not returned in response to search queries.

24. Clearview also is in the process of modifying its collection technology to prevent webpages hosted on servers with Illinois-associated IP addresses from being processed into its searchable database.

25. Clearview will be implementing an opt-out mechanism for any Illinois individuals to be removed from Clearview search results.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 6, 2020.

**New York, New York**
**May 6, 2020.**

*Thomas Mulcaire*
_____
Thomas Mulcaire