**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CLEARVIEW AI, INC.; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC, ) ) ) ) Defendants. ) | Case No. 20-cv-512 Hon. Sharon Johnson Coleman |

**CLEARVIEW DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL "FACTUAL" INFORMATION IN OPPOSITION TO THE CLEARVIEW DEFENDANTS' MOTION TO STAY**

Without leave of the Court, Plaintiff Mutnick seeks to "supplement" his opposition (dkt 57) to Clearview AI, Mr. Ton-That and Mr. Schwartz's (the "Clearview Defendants") motion to stay (dkt. 47) with a BuzzFeed News article published yesterday. Plaintiff's "factual" supplement is improper, and should be stricken and disregarded by the Court. That is especially so here because of a co-dependent relationship between Plaintiff's counsel and the article's publisher, which Plaintiff's counsel does not disclose to the Court in his supplement. Ex. 1 at 4, available at https://www.buzzfeednews.com/article/ryanmac/clearview-ai-no-facial-recognition-private-companies, last visited May 8, 2020 ("Loevy & Loevy works with BuzzFeed News on litigation matters concerning freedom of information laws."). Perhaps at a future time it will be appropriate to explore the timing and substance of the communications between Plaintiff's counsel and the publisher that elicited yesterday's article. But we need not do so now.

Setting aside the secret, undisclosed ties between Plaintiff's counsel and BuzzFeed, this case should be litigated in court and not through the press. As set forth in the Clearview

Defendants' motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer venue (dkt. 45-46), any alleged contacts between Clearview and Illinois are unrelated to Plaintiff's claims; Plaintiff does not (and cannot) allege any harm or connection whatsoever between him and any such alleged contacts. Moreover, *none* of the alleged contacts between Clearview and any Illinois entity demonstrate why it would comport with notions of fairness and justice to require two New York residents, Messrs. Ton-That and Schwartz, to litigate claims here. As a result, the *law* compels a determination that the Clearview Defendants are not subject to personal jurisdiction in Illinois. And as set forth in the Clearview Defendants' motion to stay (dkt 47), the threshold issue of jurisdiction needs to be resolved before the Court addresses Plaintiff's fatally flawed motion for preliminary injunction. *See* Dkt. 56. Plaintiff's news article carries no weight in any of this, and should be stricken and disregarded in its entirety.

May 8, 2020

Respectfully submitted,

By: /s/ Lee Wolosky
Lee Wolosky (pro hac vice)
Andrew J. Lichtman (pro hac vice)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Phone: (212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

Howard S. Suskin
David P. Saunders
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
hsuskin@jenner.com
dsaunders@jenner.com

Attorneys for Defendant Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz

## **CERTIFICATE OF SERVICE**

I certify that on May 8, 2020 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                                      By:   /s/ Lee Wolosky
                                                             Lee Wolosky