IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CLEARVIEW AI, INC.; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC,<br><br>   Defendants. | Case No. 20 C 512<br><br>Judge Sharon Johnson Coleman |
| ANTHONY HALL, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CDW GOVERNMENT LLC and CLEARVIEW AI, INC.,<br><br>   Defendants. | Case No. 20 C 846<br><br>Judge Sharon Johnson Coleman |

**DEFENDANTS CLEARVIEW AI, INC., HOAN TON-THAT, AND
RICHARD SCHWARTZ'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO STAY**

# TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................3

I. A Stay Would Preserve Judicial Resources ........................................................................3

    A. Personal Jurisdiction Is a Threshold Issue ..............................................................3

    B. Mutnick's Other Factors Also Show That Judicial Economy Favors a Stay ...........5

II. Plaintiff Will Not Be Prejudiced by the Imposition of a Stay .............................................6

III. The Clearview Defendants Will Be Prejudiced Absent a Stay ...........................................7

CONCLUSION ................................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alpha Tau Omega Fraternity v. Pure Country, Inc.*,
    185 F. Supp. 2d 951 (S.D. Ind. 2002) ................................................................................3, 5

*Animale Grp., Inc. v. Sunny's Perfume, Inc.*,
    No. 507-cv-13, 2007 WL 760373 (S.D. Tex. Mar. 8, 2007) ......................................................3

*Bonte v. U.S. Bank, N.A.*,
    624 F.3d 461 (7th Cir. 2010) .....................................................................................................4

*Curry v. Revolution Laboratories, LLC*,
    949 F.3d 385 (7th Cir. 2020) .....................................................................................................4

*In re Fusion-IO, Inc.*,
    489 F. App'x 465 (Fed. Cir. 2012) ............................................................................................3

*In re Horseshoe Entm't*,
    337 F.3d 429 (5th Cir. 2003) .....................................................................................................3

*KFC Corp. v. Texas Petroplex, Inc.*,
    No. 3:11-cv-00479, 2012 WL 4760848 (W.D. Ky. Oct. 5, 2012) .............................................3

*Paul v. Aviva Life & Annuity Co.*,
    No. 09-1038, 2009 WL 2244766 (N.D. Ill. July 27, 2009) .......................................................3

Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, and Richard Schwartz (collectively, the "Clearview Defendants") respectfully submit this reply memorandum of law in further support of their motion to stay. *Mutnick*, ECF No. 47; *Hall*, ECF No. 31.[1]

## INTRODUCTION

Mutnick's opposition tries to obfuscate the simple and straightforward procedural relief sought in the Clearview Defendants' motion to stay. The issue presented by the motion is *not* whether the Clearview Defendants are subject to personal jurisdiction. The issue also is not whether Mutnick will fail to prevail on his preliminary injunction motion. Those substantive issues are the subject of separate briefing. *See* ECF Nos. 31, 32, 45, 46, 56. The only issue posed by the Clearview Defendants' motion to stay is whether the Court should stay further proceedings until it decides the threshold issue of jurisdiction. On this narrow procedural issue, all relevant considerations strongly favor a stay.

The Clearview Defendants' motion to stay should be granted for the simple reason that Mutnick did not address the primary (and dispositive) argument raised by the Clearview Defendants in their supporting memorandum of law. ECF No. 48 ("Opening Brief"). Specifically, the Clearview Defendants demonstrated that courts routinely grant temporary stays when threshold personal jurisdiction and transfer motions are pending because such an approach appropriately conserves judicial resources. Instead of responding to this non-controversial proposition or any of the cases cited by the Clearview Defendants, Mutnick attempts to litigate the personal jurisdiction issue itself. Putting aside that Mutnick's personal jurisdiction analysis is deeply flawed, it is also

---

[1] Plaintiff in *Hall* adopted in full Mutnick's opposition. *Hall*, ECF No. 39. As a result, this memorandum addresses the Mutnick opposition, *Mutnick*, ECF No. 57 ("Pl.'s Opp'n"), but applies equally to the *Mutnick* and *Hall* litigations pending before the Court. Citations to the docket refer to *Mutnick* unless otherwise indicated.

1

beside the point for purposes of the motion to stay. The very pendency of the Clearview Defendants' threshold jurisdictional motion compels a temporary stay.[2] That Mutnick could not muster even a single authority in opposition to the motion to stay demonstrates that the motion should be granted.

The Court should reject Mutnick's remaining arguments against a stay as well. Mutnick argues that he and the putative class members will be prejudiced by a stay because Clearview will continue to collect their biometric information. But this argument ignores that Clearview has mooted Mutnick's requested relief. ECF No. 56 at 6-7. Because of the measures voluntarily taken by Clearview, the putative class will not experience any prejudice if further proceedings are stayed while the Court considers the Clearview Defendants' threshold jurisdictional motion.[3]

If Mutnick were truly concerned about supposed "prejudice" arising from the granting of a stay pending determination of the threshold jurisdictional issue, he has a very easy remedy for that: litigate his case in New York, where the Clearview Defendants are undisputedly subject to jurisdiction. Indeed, the plaintiffs in five substantially similar cases in New York have opposed Mutnick's arguments because they themselves recognize that venue and personal jurisdiction are proper in New York. *Calderon v. Clearview AI, Inc.*, No. 20-1296 (S.D.N.Y.), ECF No. 27 at 16-

---

[2] Mutnick falsely asserts that the Clearview Defendants' jurisdictional motion was somehow tardy. Pl.'s Opp'n at 5-6. In fact, the Clearview Defendants' time to respond to the Complaint was initially extended until May 14, 2020, ECF No. 25, and was subsequently extended until July 30, 2020 as a result of the Northern District of Illinois Third Amended General Order regarding COVD-19, ECF No. 44. The Clearview Defendants filed their jurisdictional objections long before their deadline to do so.

[3] Mutnick claims that "the Clearview Defendants tacitly conceded that they violated the BIPA" by agreeing to take certain voluntary steps. Pl.'s Opp'n at 6-7. To the contrary, as part of an ongoing business review that started *prior* to Mutnick's preliminary injunction motion, Clearview has voluntarily changed its business practices to (among other things) avoid downloading data from Illinois residents, block access to any such data, and avoid transactions with non-law enforcement customers anywhere. ECF No. 56 at 3.

22; *John v. Clearview AI, Inc.*, No. 20-3481 (S.D.N.Y.), ECF No. 13. Ultimately, Mutnick's choice to erroneously file suit in Illinois rather than the proper New York forum and then wait nearly three months to file his motion for preliminary injunction belies any claim of "prejudice" from the granting of a temporary stay.

## ARGUMENT

### I. A Stay Would Preserve Judicial Resources

#### A. Personal Jurisdiction Is a Threshold Issue

In their Opening Brief, the Clearview Defendants demonstrated that a stay is appropriate here because the Court should decide the threshold issue of whether this litigation will even proceed in this forum before addressing Mutnick's preliminary injunction motion. Opening Br. at 4-5. Such an approach makes abundant sense, preserves judicial resources, and is overwhelmingly (and undisputedly) supported by the case law. *Id.*

As explained in the Clearview Defendants' Opening Brief, personal jurisdiction should be resolved before a motion for a preliminary injunction is decided. *Id.* at 2 n.1 (citing *Alpha Tau Omega Fraternity v. Pure Country, Inc.*, 185 F. Supp. 2d 951 (S.D. Ind. 2002); *KFC Corp. v. Texas Petroplex, Inc.*, No. 3:11-cv-00479, 2012 WL 4760848 (W.D. Ky. Oct. 5, 2012); *Animale Grp., Inc. v. Sunny's Perfume, Inc.*, No. 507-cv-13, 2007 WL 760373 (S.D. Tex. Mar. 8, 2007)). Moreover, courts routinely grant stays where a transfer motion is pending. *See* Opening Br. at 5 (citing *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009); *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)).

Recognizing the obvious strength of this argument, Mutnick chooses to ignore it. He neither addresses the Clearview Defendants' cases nor points to a single case in which a court denied a motion to stay when a threshold jurisdictional or transfer motion was pending. The Court

3

should grant the motion to stay for this reason alone. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Rather than addressing the Clearview Defendants' argument in support of a stay, Mutnick instead tries to litigate the personal jurisdiction issue itself, even though that issue is the subject of separate briefing. The Clearview Defendants respectfully refer the Court to their Motion to Dismiss for Lack of Personal Jurisdiction, ECF Nos. 45 and 46, and reserve their right to respond to all of Mutnick's personal jurisdiction arguments at the appropriate time and in connection with that motion. Suffice to say, however, that Mutnick's jurisdictional and venue arguments amount to little more than a misstatement of applicable law. Indeed, just yesterday, the District Court for the Eastern District of Virginia held that a substantial part of the events giving rise to a similar case against Clearview occurred in New York and that the law requires transfer of that case to the Southern District of New York. *Roberson v. Clearview AI, Inc.*, No. 20-111 (E.D. Va.), ECF No. 24 at 7, 12. The Clearview Defendants will further demonstrate the fatal flaws in Mutnick's jurisdictional arguments, including why *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385 (7th Cir. 2020), is inapposite.[4]

For the instant purposes, however, the fact remains that before reaching the question of whether the Court can enjoin the Clearview Defendants, it must *first* resolve the question as to whether they are subject to personal jurisdiction in Illinois. That is why a stay of Mutnick's

---

[4] Mutnick points out that Chief Judge McMahon has made certain observations about whether venue is proper in New York. Pl.'s Opp'n at 5. Mutnick fails to explain, however, that Chief Judge McMahon made those observations when only two cases were pending in New York and prior to the Clearview Defendants filing any substantive papers in any of the New York Actions. Since that time, *four* additional cases were transferred to or filed in New York, which include claims on behalf of putative nationwide, New York, California, Virginia, and Illinois subclasses. In addition, *both* the Clearview Defendants and the New York Plaintiffs have filed lengthy briefing in the New York Actions, which have demonstrated why jurisdiction and venue are proper there. *Calderon*, ECF Nos. 27, 34.

4

preliminary injunction motion is appropriate. *See Alpha Tau Omega Fraternity*, 185 F. Supp. 2d at 954, 960 (granting defendants' motion to stay pending determination of plaintiffs' preliminary injunction motion in order to first resolve defendants' motion to dismiss for lack of personal jurisdiction).

### B. Mutnick's Other Factors Also Show That Judicial Economy Favors a Stay

Mutnick claims that "[s]everal other reasons show that judicial economy does not favor a stay." Pl.'s Opp'n at 12. However his "other reasons" actually support a stay.

First, Mutnick claims that his preliminary injunction motion raises "straightforward" BIPA issues. *Id.* That is not correct. Resolving Mutnick's preliminary injunction motion will require the Court to examine the arguments raised in the Clearview Defendants' opposition brief, including, but not limited to, whether (1) BIPA has extraterritorial application, (2) the dormant Commerce Clause precludes the application of BIPA, and (3) Mutnick waived his claim by making his photos publicly available. ECF No. 56 at 7-11. Reaching these determinations may require making factual findings that are not possible on the basis of the current record. Complicating this analysis is the fact that to the best of the Clearview Defendants' knowledge, no Court has reached several of the issues raised by the Clearview Defendants in their opposition brief. It is unnecessary for the Court to expend significant resources considering these novel merits issues prior to deciding whether the Clearview Defendants are subject to jurisdiction in Illinois.

Second, Mutnick argues that a "stipulated injunction" would "further narrow the issues that the Court would need to address in Plaintiff's motion for preliminary injunction and further judicial economy." Pl.'s Opp'n at 12. But there is no stipulated injunction here. A non-existent injunction

is a non-existent basis for arguing against a stay of proceedings until the threshold jurisdictional issue is addressed.[5]

Finally, Mutnick argues that a stay is not warranted because even if this case is transferred, a preliminary injunction motion would transfer with it. Pl.'s Opp'n at 12. However, that statement assumes that a number of intervening events may or may not occur, and assumes that the Court opts to transfer this litigation rather than dismiss it outright. Indeed, the New York court may never consider Mutnick's preliminary injunction motion for a variety of reasons, including that other Plaintiff's counsel could be appointed lead counsel and they may choose not to pursue what they themselves have described as Mutnick's "threadbare" (and now moot) motion. *Calderon*, ECF No. 27 at 11.

## II. Plaintiff Will Not Be Prejudiced by the Imposition of a Stay

As discussed above, the Court should reject Mutnick's claim of prejudice. Mutnick argues that absent injunctive relief, the "Clearview Defendants [will] continue to collect, distribute sell and profit from Plaintiff's and Class Members' Biometric Identifiers." Pl.'s Opp'n at 13. Mutnick deliberately mischaracterizes Clearview's activities: As an initial matter, Clearview does not "sell" biometric information. ECF No. 46-2 ¶ 6. Moreover, Clearview's voluntary changes to its practices moot Mutnick's request for injunctive relief. ECF No. 56 at 3-4. The steps Clearview has taken ensure that Mutnick and the putative class will not suffer any of the alleged harm that Mutnick seeks to redress through his preliminary injunction motion. Further, Mutnick's decision

---

[5] This is yet another instance where Mutnick's choice to file suit in Illinois, rather than New York, where the Clearview Defendants are subject to jurisdiction, acts to delay and deprive him and the putative class of the very relief he seeks.

to file in an improper forum and then to wait almost three months to file his preliminary injunction motion amply demonstrates that he will not be prejudiced by a temporary stay. Opening Br. at 5.[6]

### III. The Clearview Defendants Will Be Prejudiced Absent a Stay

Finally, the Court should reject Mutnick's claim that the Clearview Defendants will not suffer prejudice if this case proceeds. Put simply, defendants should not be forced to expend resources engaging in substantive proceedings before the threshold jurisdictional issue is decided.

Mutnick's argument that there is "little risk of duplicative proceedings or inconsistent rulings" is also incorrect. Pl.'s Opp'n at 14. The Clearview Defendants are already subject to duplicative proceedings: nine different putative class actions are pending against them, the majority of which are in the Southern District of New York, where jurisdiction and venue undisputedly are proper. It makes no sense to press forward with a preliminary injunction hearing here before the Court decides that this action can even proceed in this District. That is particularly so, given that the Clearview Defendants have shown in their motion to dismiss for lack of jurisdiction that the case *cannot* be adjudicated here.

### CONCLUSION

For the foregoing reasons, the Clearview Defendants respectfully request that the Court enter an order staying the above-captioned litigations pending the Court's decision on the Clearview Defendants' motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer venue to the Southern District of New York.

---

[6] Mutnick claims that he filed his preliminary injunction motion because he "learned additional information" after filing his complaint. Pl.'s Opp'n at 14. But the underlying facts and the requested relief in the Complaint and preliminary injunction motion are the same in all material respects. *Compare* Am. Compl. ¶ 136, *with* ECF No. 32 at 2-3.

7

DATED: May 13, 2020											JENNER & BLOCK LLP

By: /s/ Lee Wolosky
Lee Wolosky (admitted *pro hac vice*)
Andrew J. Lichtman (admitted *pro hac vice*)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Phone: (212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

Howard S. Suskin
David P. Saunders
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
hsuskin@jenner.com
dsaunders@jenner.com

*Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz*

**CERTIFICATE OF SERVICE**

I certify that on May 13, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By: _/s/ Lee Wolosky_
Lee Wolosky