

Elizabeth Wang <elizabethw@loevy.com>

---

## RE: Mutnick v. Clearview - Discovery

**Wolosky, Lee** <LWolosky@jenner.com>        Tue, May 19, 2020 at 6:12 PM
To: Scott Drury <drury@loevy.com>
Cc: "Saunders, David P." <DSaunders@jenner.com>, Michael Kanovitz <mike@loevy.com>, Andrew Miller <miller@loevy.com>, Elizabeth Wang <elizabethw@loevy.com>

Scott,

As we explained two weeks ago – which is the last time we heard from you on the subject – Plaintiff has not demonstrated entitlement to any jurisdictional discovery, but in the spirit of not burdening the Court with unnecessary motion practice, Clearview would be willing to agree to the steps reflected in my May 4, 2020 e-mail. Your e-mail from yesterday simply continues to demand the same expansive discovery as you did on May 1, 2020, which would entail months of document discovery followed by depositions aimed at merits issues well beyond the limited issue of jurisdictional discovery. There are ways to address the issues you perceive below short of engaging in the burdensome discovery you demand.

If you are willing to discuss a reasonable compromise, Clearview remains willing to continue our discussion.

-Lee

---

**From:** Scott Drury <drury@loevy.com>
**Date:** Monday, May 18, 2020 at 12:35 PM
**To:** "Wolosky, Lee" <LWolosky@Jenner.com>
**Cc:** "Saunders, David P." <DSaunders@jenner.com>, Michael Kanovitz <mike@loevy.com>, Andrew Miller <miller@loevy.com>, Elizabeth Wang <elizabethw@loevy.com>
**Subject:** RE: Mutnick v. Clearview - Discovery

External Email – Exercise Caution

Lee:

I am following-up on your email regarding jurisdictional discovery. The proposed discovery set forth in my initial email on the topic focused on determining the validity of the jurisdictional issues raised in your motion. By contrast, the discovery you offer in your email would not provide that needed information. For instance, sworn declarations without the possibility of depositions does not allow for any follow-up. Similarly, the production of Clearview agreements provides no information regarding how those agreements came to be. I respectfully request that you agree to our original request (which is reproduced below). If you would like to discuss this further, please let me know.

Original Request

The types of documents Plaintiff would seek include: (a) email correspondence and other documents related to communications with Illinois entities; (b) documents related to marketing and business strategy/reaching out to Illinois entities, including offers of free trials and formal proposals; (c) documents regarding sales/revenue figures derived from Illinois entities; (d) documents regarding the number of searches performed by Illinois entities/number of Illinois accounts; (e) telephone records of Clearview employees and principals to determine contacts with Illinois residents/businesses, including personal phone records of Defendants Ton-That and Schwartz; (f) contracts/proposals/invoices related to Illinois entities; (g) bank records showing payments from Illinois entities; (h) documents related to Defendants' vendors to determine where they are located; (i) documents related to Defendants' staff to determine their contacts and connections with Illinois; and (j) documents related to the roles of Defendants Ton-That and Schwartz within Clearview, and their knowledge of Clearview's plans, strategies and activities. After Plaintiff receives the documents, depositions may be necessary, especially the depositions of Defendants Ton-That and Schwartz.

--Scott

**From:** Wolosky, Lee <LWolosky@Jenner.com>
**Sent:** Monday, May 4, 2020 4:24 PM
**To:** Scott Drury <drury@loevy.com>
**Cc:** Saunders, David P. <DSaunders@jenner.com>; Michael Kanovitz <mike@loevy.com>; Andrew Miller <miller@loevy.com>; Elizabeth Wang <elizabethw@loevy.com>; Jon Loevy <jon@loevy.com>
**Subject:** Re: Mutnick v. Clearview - Preliminary Injunction

Scott,

Thank you for taking the time to talk with us today. This e-mail follows up on that call and responds to your e-mail regarding your motion for preliminary injunction.

First, with respect to jurisdictional discovery, as I explained on the call, we do not believe that Plaintiff is entitled to any jurisdictional discovery. However, we are willing to consider some jurisdictional discovery that would narrow our areas of dispute, in an effort to avoid unnecessarily burdening the Court with motion practice. On our call, we discussed a number of specific discovery topics, which we think represent a fair compromise of positions as between your May 1, 2020 e-mail proposal and our view that Plaintiff has not met his burden of making a prima facie case for jurisdiction. Your May 1, 2020 proposal would entail months of document discovery followed by depositions aimed at merits issues that go well beyond the pale of what ought to be within the limited scope of jurisdictional discovery.

Based on our call, we would propose the following in terms of jurisdictional discovery (following the entry of an appropriate protective order):

- Production of all agreements between Clearview and any entity based in Illinois;
- Sworn declarations from appropriate individuals concerning (i) Mr. Schwartz and Mr. Ton-That's involvement, if any, in the marketing of the Clearview App to any entity in Illinois and (ii) Clearview's efforts to market its app, including in Illinois;

- Production of Clearview's corporate formation documents; and
- In addition to the foregoing, Clearview will respond to no more than 5 interrogatories (including subparts), which address:
    - Its capitalization (though Clearview will not disclose the name of specific investors beyond Messrs. Ton-That and Schwartz, to the extent that they invested their own resources in the company); and
    - Where Clearview's bank accounts are held and how they are used.

We think that the above proposal satisfies your specific information requests we discussed on the phone, while also satisfying our desire to not engage in what could be months-long merits discovery. Of course, if there are other, limited document or information requests that you think are necessary, we are willing to consider them.

Next, thank you for your e-mail of today regarding your motion for preliminary injunction. As I stated on our call, we invite your views regarding Clearview's business practices allegedly impacting Illinois, so as to minimize the number of issues that may require judicial attention. I should note at the outset that your summary omits the critical facts that Clearview continues to maintain that BIPA does not apply to it; that the Clearview Defendants are not subject to personal jurisdiction in Illinois and therefore cannot be enjoined by the Court; and that the considerations leading to the evolution of Clearview's business practices pre-dated your recent motion for preliminary injunction.

As to the content of your e-mail of earlier today, you say that Clearview's voluntary actions – which as detailed in your e-mail are numerous – somehow still "do not moot the motion" for preliminary injunction, and you cite two reasons.

First, you ask how Clearview "will address the issue of masked IP addresses." That IP addresses can be masked is one reason why Clearview's technical changes were not solely limited to IP addresses. As we discussed, Clearview's changed business practices also reach the metadata of the images that are collected. To the extent that images bear geolocation data through longitude and latitude or other metadata, Clearview will be checking that data to exclude Illinois-associated images from Clearview's database. (In addition, one of the "boot and suspenders" changes Clearview is making will be to block the collection of data from websites containing key terms such as "Chicago" or "Illinois.") As a result, we believe that Clearview has already addressed your first concern, but let us know if you have a basis for believing otherwise.

Second, you say that the motion is not moot because you will need "further information regarding Clearview's security protocols" and "a way to verify their implementation." Neither is a basis to say that the motion is not moot. We would be willing to discuss providing to you confidentially additional, specific information related to the security of Clearview's data and networks.

Indeed, as we discussed on our call, we encourage you to let us know if you think there are any additional bases for believing that Clearview's actions have not mooted your motion for preliminary injunction. If you believe there are any gaps between Clearview's actions and your requested relief, Clearview is willing to consider taking additional actions in an effort to resolve your motion without further burdening the Court. And in the future, we invite you to give us a call so that we can avoid the filing of motions that may ultimately prove to be unnecessary.

On our call, we said that we recognize that analyzing these complex issues may take some time, and we raised the issue of pushing back the briefing on your motion. You declined to do so. (In this respect, we take exception to any suggestion that our contact with the court was improper. We asked the court's clerk for confirmation as to whether the current briefing schedule stood in light of the COVID-19 general order. We received that confirmation, advised you of it, and asked you to agree to push back the briefing schedule so that you had time to analyze the numerous, ongoing changes to business practices at Clearview that moot your motion for preliminary injunction.)

-Lee

**Lee Wolosky**

**Jenner & Block LLP**

919 Third Avenue, New York, NY 10022-3908  |  jenner.com

+1 212 891 1628  |  TEL

**Jenner & Block LLP**

1099 New York Avenue, N.W.

Suite 900, Washington, DC 20001-4412  |  jenner.com

+1 202 637 6336  |  TEL

+1 301 728 6981  |  MOBILE

LWolosky@Jenner.com

Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Scott Drury <drury@loevy.com>
**Date:** Monday, May 4, 2020 at 1:16 PM
**To:** "Wolosky, Lee" <LWolosky@Jenner.com>
**Cc:** "Saunders, David P." <DSaunders@jenner.com>, Michael Kanovitz <mike@loevy.com>, Andrew Miller <miller@loevy.com>, Elizabeth Wang <elizabethw@loevy.com>, Jon Loevy <jon@loevy.com>
**Subject:** Mutnick v. Clearview - Preliminary Injunction

External Email – Exercise Caution

Lee:

??

Thank you for taking the time to speak with me this morning. This email confirms that part of our discussion regarding Mr. Mutnick???s motion for preliminary injunction.

??

**BRIEFING SCHEDULE:**

During the call you stated that your office contacted Judge Coleman???s deputy regarding the briefing schedule for the preliminary injunction motion. This confirms that the briefing schedule has not been impacted by the Third Amended General Order 20-0012, dated April 24, 2020. As such, the Clearview Defendants??? response is due on May 6, 2020, and Plaintiff???s reply is due on May 20, 2020. In the future, please let me know when you contact the Court regarding matters pertaining to the case, including briefing schedules ??? preferably prior to the call. Your communication with the Court only came up after you asked that I agree to extend the Clearview Defendants??? response date to June 3, 2020, and I suggested that we call the Court???s deputy for clarity on its previous order.

??

**PRELIMINARY INJUNCTION MOTION:**

During the call, you stated that Defendant Clearview has taken/is in the process of taking the following steps in response to the motion:

??

    Clearview is cancelling all accounts with non-law enforcement agencies and non-governmental entities, offices or departments;

    Clearview is cancelling all accounts with Illinois customers;

    Clearview is implementing technical fixes so that no one can log into Clearview???s biometric database from an IP address originating in Illinois;

    Clearview is blocking all ???Illinois??? photographs and biometric identifiers and information/facial vectors from being searched on Clearview???s biometric database;

    Clearview is limiting access to the ???Illinois??? photographs and biometric identifiers and information/facial vectors within the Clearview biometric database to a limited number of staff who will only be able to access the photos and information in connection with this litigation;

    Clearview is amending its User Agreement to prohibit any entity from uploading photographs of persons known to be from Illinois or where there is reason to believe the persons are from Illinois;

    Clearview is blocking the uploading of photographs from servers that are associated with Illinois;

    Clearview is implementing a ???geo-fence??? that will prohibit the upload of any photographs containing information that connects the photograph to Illinois (this can include geo-location information and other metadata); and

    Clearview is going to publish a statement regarding its biometric data retention obligations.

??

During the call, you stated you believe the above-described steps moot Mr. Mutnick???s motion. I took no position during the call and agreed to review the information provided. I also noted that the steps described above do not address Defendant Clearview???s security protocols. In response, your colleague, David Saunders, stated that Clearview is working on improving its protocols.

??

While I have not fully analyzed the information above, the steps, as described, do not moot the motion. At minimum, I will require additional information about how Clearview is identifying ???Illinois??? photos and how Clearview will address the issue of masked IP addresses through the use of VPNs and similar technology. Moreover, further information regarding

Clearview???s security protocols will be needed, along with a way to verify their implementation. Please note that the information in this paragraph is preliminary in nature and not intended to fully address the information you provided during our call.

??

If any of the information set forth above is inaccurate, please let me know.

??

--Scott

??

_____

Scott R. Drury

LOEVY & LOEVY

311 N. Aberdeen, 3rd Floor

Chicago, Illinois 60607

312.243.5900

drury@loevy.com

??