IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLEARVIEW AI, INC.; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 20 C 512 <br><br> Judge Sharon Johnson Coleman |

**THE CLEARVIEW DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL "FACTUAL" INFORMATION IN
SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, and Richard Schwartz (collectively, the "Clearview Defendants"), submit this response to Plaintiff's Notice of Supplemental "Factual" Information In Support Of Motion for Preliminary Injunction ("Pl. Suppl.") (Dkt. 64). Plaintiff's supplement is erroneous in multiple respects and should be stricken.

Without leave of the Court, and without any explanation as to why Plaintiff could not have included the allegations in the supplement in his reply brief filed two days earlier, Plaintiff accuses the General Counsel of Clearview of misleading the Court and making false statements to the office of the Illinois Secretary of State. Those are serious allegations that Plaintiff should not make lightly, and as shown below, should not have made at all because plaintiff is flatly wrong on the "facts".

Rocky Mountain Data Analytics LLC ("RMDA") is a wholly owned subsidiary of Clearview. (Declaration of Thomas Mulcaire ¶ 2.). It is not a party to this litigation and has no

relevance to any of the issues before the Court. And contrary to Plaintiff's unfounded allegations, Mr. Mulcaire did not make any misrepresentations to the Court in his May 6, 2020 declaration. (Dkt. 56-2.) Clearview indeed has taken all the steps detailed in Mr. Mulcaire's May 6, 2020 declaration (*e.g.,* dkt. 56-2 ¶¶ 15-25) – steps that include terminating access for Illinois entities (including the Illinois Secretary of State) and making materials stored by Clearview available to only a limited number of Clearview employees. (*Id.* ¶¶ 13, 16. *See also* Mulcaire Decl. ¶¶ 7-8.)

Despite Plaintiff's knowledge of RMDA, it is not mentioned anywhere in the complaint or in any of the voluminous filings made to the Court before yesterday. That could be because RMDA bears no relevance to the issues in this litigation. RMDA is part of the same corporate family as Clearview, but it has no employees, assets or products separate from those of Clearview. (Mulcaire Decl. ¶ 3.) RMDA engaged in only a single transaction related to Clearview's database, with the Illinois Secretary of State, which has now been terminated.[1] The Illinois Secretary of State was made aware that it would obtain access to Clearview's database through Clearview's subsidiary, RMDA. (*Id.* ¶ 4.) Based on their investigation to date, neither RMDA, Clearview nor Mr. Mulcaire ever received payment from the Illinois Secretary of State, and even if they had, because the Illinois Secretary of State's access has been terminated in accordance with Mr. Mulcaire's May 6, 2020 declaration, that payment would be returned. (*Id.* ¶¶ 6-7.)

Nothing in Plaintiff's submission demonstrates any false or misleading statement in Mr. Mulcaire's May 6, 2020 declaration. And contrary to Plaintiff's unfounded insinuation, Mr.

---

[1] RMDA also sent a quote for access to Clearview's database to the Chicago Police Department, but that transaction was not completed. (Mulcaire Decl. ¶ 5.) To the extent that RMDA conducts any business in the future (which is not currently contemplated), as a wholly owned subsidiary of Clearview, it will be bound to the same business practice restrictions as Clearview. (*Id.*)

Mulcaire also did not make any misstatement to the Illinois Secretary of State, which knew that RMDA was a subsidiary of Clearview, and was the entity through which the office of the Illinois Secretary of State would obtain access to Clearview's services. (*Id.* ¶ 4)

At least three times now, Plaintiff has submitted filings with the Court that are misleading. (*See, e.g.,* Dkt. 59 (Plaintiff omitted facts concerning his counsel's relationship with the media organization that published the article that Plaintiff used to "supplement" the record);[2] *compare* Dkt. 62 at 7 n.5 (Plaintiff claiming that Clearview has "refused" to participate in jurisdictional discovery) *with* Dkt. 62-3 at 1 (Clearview had made a concrete proposal that was rejected by Plaintiff, but was "willing to continue our discussion" to try to find common ground). Most recently, on May 20, 2020, in Plaintiff's reply in support of his motion for preliminary injunction, Plaintiff told the Court that "a recent visit to Clearview's website did not reveal any [BIPA] policy." (Dkt. 63 at 13.) However, Clearview has had a retention policy on its website since May 11, 2020, and has permitted Illinois residents to submit opt-out requests, just as Clearview said it would. (*See* Mulcaire Decl. ¶¶ 9-10).

Plaintiff's repeated, misleading submissions are a tacit acknowledgement that he cannot prevail on the facts. Plaintiff's misrepresentations appear to be intended to press the Court to grant an improper preliminary injunction that would require Clearview to treat *every photo on the internet* as if it was a photo of an Illinois resident. (Dkt. 63 at 2, 15-16). There could not be a more clear conflict with the dormant Commerce Clause, which prevents such a remedy as a constitutional matter. *See Healy v. Beer Inst., Inc.,* 491 U.S. 324, 336 & n.1 (1989) (the dormant

---

[2] Clearview notes that Plaintiff's counsel has not denied omitting this fact from its filing. Moreover, even after having been called out on it, Plaintiff nonetheless continued to omit the same fact from its filings in the Southern District of New York. *See, e.g., Calderon v. Clearview AI, Inc. et al.*, No. 20-1296, Dkt. 47 (S.D.N.Y.).

Commerce Clause "precludes the application of a state statute" that has "the practical effect of . . . control[ling] conduct beyond the boundaries of the State."). And as a threshold jurisdictional matter, notwithstanding his many filings, Plaintiff still fails to allege that he has any connection whatsoever – much less suffered any harm from – Clearview's alleged contacts with Illinois.

For the reasons set forth in Clearview's opposition to Plaintiff's motion for a preliminary injunction (Dkt. 56) and herein, Plaintiff's motion for preliminary injunction should be denied and his supplemental filing should be rejected.

DATED: May 23, 2020                          JENNER & BLOCK LLP

                                             By:   */s/ Lee S. Wolosky*
                                                   Lee S. Wolosky (admitted pro hac vice)
                                                   Andrew J. Lichtman (admitted pro hac vice)
                                                   JENNER & BLOCK LLP
                                                   919 Third Avenue
                                                   New York, New York 10022-3908
                                                   Phone: (212) 891-1600
                                                   lwolosky@jenner.com
                                                   alichtman@jenner.com

                                                   Howard S. Suskin
                                                   David P. Saunders
                                                   JENNER & BLOCK LLP
                                                   353 North Clark Street
                                                   Chicago, Illinois 60654
                                                   (312) 222-9350
                                                   hsuskin@jenner.com
                                                   dsaunders@jenner.com

                                                   *Attorneys for Defendant Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz*

## **CERTIFICATE OF SERVICE**

I certify that on May 23, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By: _/s/ Lee Wolosky_