IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CLEARVIEW AI, INC; HOAN TON-THAT; RICHARD SCHWARTZ; and CDW GOVERNMENT LLC,<br><br>        Defendants. | Case No. 20 C 512<br><br>Judge Sharon Johnson Coleman |

## DECLARATION OF THOMAS MULCAIRE

I, Thomas Mulcaire, hereby declare:

1. I am General Counsel at Clearview AI, Inc. ("Clearview"), and I have served in this role since September 2019. My duties as General Counsel include planning and executing our legal and regulatory compliance strategy, handling contractual matters and managing outside counsel. I have personal knowledge of the facts described below, and if called as a witness, could and would testify competently thereto.

2. Rocky Mountain Data Analytics LLC ("RMDA") is a wholly owned subsidiary of Clearview. I am an officer of RMDA.

3. RMDA has no employees, assets or products separate from those of Clearview, its corporate parent.

4. RMDA is a special purpose entity that was used for the purpose of contracting with the Illinois Secretary of State, which requested access to Clearview's services. As part of the contract with the Illinois Secretary of State, the fact that RMDA and Clearview were part of the same corporate family was disclosed to the office of the Illinois Secretary of State.

1

5. Although RMDA did submit a quote to the Chicago Police Department, other than the transaction with the Illinois Secretary of State, RMDA has not engaged in any other transactions related to Clearview's database since its formation, and is not currently engaged in efforts to market or contract with parties for access to Clearview's database. To the extent that RMDA enters into any agreements in the future, it, like all of Clearview's wholly owned subsidiaries, will conduct business pursuant to the same processes and procedures that apply at Clearview.

6. Based on our internal review to date, I have no record that RMDA, Clearview or I ever received payment from the Illinois Secretary of State.

7. Consistent with my declaration of May 6, 2020 (Dkt. 56-2), the Illinois Secretary of State's access to Clearview's database has been terminated, and so to the extent that Clearview, RMDA or I receive payment from the Illinois Secretary of State in the future, that payment would be returned.

8. Consistent with my declaration of May 6, 2020 (Dkt 56-2), no RMDA employee has access to Clearview's database since there are no RMDA employees. Access to the Clearview database remains restricted as described in my declaration of May 6, 2020.

9. Consistent with my declaration of May 6, 2020 (Dkt 56-2), on May 11, 2020, Clearview posted to its website a retention schedule, which has at all times since May 11, 2020, been available at https://staticfiles.clearview.ai/bipa.html.

10. Consistent with my declaration of May 6, 2020 (Dkt 56-2), on May 11, 2020, Clearview began making available on its website, an opt-out mechanism for Illinois residents. That opt-out mechanism has been available at all times since May 11, 2020 at https://clearviewai.typeform.com/to/HDz8tJ.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 23, 2020.

**Washington D.C.,**
**May 23, 2020.**

*Thomas Mulcaire*
_____
Thomas Mulcaire