IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, | ) ) ) Case No. 1:20-cv-00512 |
| Plaintiff, | ) ) ) Judge Sharon Johnson Coleman |
| v. | ) ) ) Magistrate Judge Maria Valdez |
| CLEARVIEW AI, INC.; HOAN TON-THAT; and RICHARD SCHWARTZ, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF DAVID MUTNICK'S MOTION FOR CONSOLIDATION**

Plaintiff David Mutnick, by his attorneys, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 42(a)(2), to consolidate all related cases – namely: (a) *Hall v. Clearview AI, Inc.*, No. 1:20-cv-00846; (b) *Marron v. Clearview AI, Inc.*, No. 1:20-cv-02989; and (c) *Thornley v. Clearview AI, Inc.*, No. 1:20-cv-03943 (with *Mutnick*, collectively, the "Related Clearview Cases"). In support of this motion, Plaintiff Mutnick states as follows:

**INTRODUCTION**

The Related Clearview Cases are now pending before this Court. Each of those cases involves overlapping factual and legal issues related to Defendant Clearview AI, Inc.'s unlawful harvesting of Plaintiffs' and putative class members' biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.* Previously, the Court denied an attempt by Defendants Clearview AI, Inc.; Hon Ton-That and Richard Schwartz (the "Clearview Defendants"), as well as CDW Government LLC ("CDW-G"), to consolidate *Mutnick* and *Hall* (*Marron* and *Thornley* had not yet been filed) on the grounds that consolidation was

1


premature. At the time, the possibility existed that several cases filed against Clearview AI, Inc. in the Southern District of New York (the "New York Cases") would be transferred to this District. Ultimately, the Southern District of New York decided against transfer.

With the issues surrounding the New York Cases resolved and the Court having extended the time for the Clearview Defendants to answer the various complaints, the Court should consolidate the Related Clearview Cases and grant Plaintiffs leave to file a consolidated complaint. Consolidation promotes convenience and judicial economy and does not prejudice any party.

Counsel in *Hall, Marron* and *Thornley*[1] agree to consolidation. Counsel for the Clearview Defendants did not respond to Plaintiff Mutnick's inquiry as to whether they would agree to this motion. While counsel for CDW-G indicated they would inquire of their client, given the lack of response from the Clearview Defendants, Plaintiff Mutnick moved forward with filing this motion.

## BACKGROUND FACTS

**The Related Clearview Cases**

On January 22, 2020, Plaintiff Mutnick filed the complaint in this action, and it was assigned to the Honorable Sharon Johnson Coleman under case number 1:20-cv-512. Dkt. 1. On January 29, 2020, Plaintiff Mutnick filed a First Amended Complaint (the "Amended Complaint"). Dkt. 6. In the Amended Complaint, Plaintiff Mutnick seeks compensatory, punitive, declaratory and injunctive relief against the Clearview Defendants[2] for their alleged violations of BIPA and the constitutional rights of Plaintiff Mutnick and members of putative nationwide and Illinois classes. Specifically, Plaintiff Mutnick alleges that the Clearview Defendants covertly scraped his and class members' images from the internet and then used artificial intelligence algorithms to

---

[1] Counsel in *Thornley* intend to move for remand. They agree to consolidation if their case is not remanded. As discussed below, Plaintiffs in *Mutnick, Hall* and *Marron* seek to have all four cases consolidated which will dispense with the anticipated procedural motion in *Thornley*.
[2] On July 6, 2020, Plaintiff Mutnick filed a Notice of Voluntary Dismissal as to CDW-G. Dkt. 74.

2

unlawfully scan the facial geometry of each individual depicted in the images in violation of privacy laws and citizens' civil liberties. Dkt. 6, ¶¶ 2-9, 68-136.

On February 5, 2020, the complaint in *Hall* was filed against Clearview AI, Inc. and CDW-G and assigned to the Honorable John Z. Lee. *Hall* Dkt. 1. Pursuant to a motion for reassignment filed by Plaintiff Mutnick (Dkt. 34, 40), *Hall* was reassigned to the Honorable Sharon Johnson Coleman. Dkt. 37. The *Hall* complaint is based on the same nucleus of operative facts as those alleged in the Amended Complaint and seeks compensatory, punitive, declaratory and injunctive relief against each of the named defendants for their alleged violations of BIPA, among other claims. *See Hall* Dkt. 1.

On May 20, 2020, the complaint in *Marron* was filed against the Clearview Defendants and CDW-G[3] and assigned to the Honorable Gary Feinerman. *Marron* Dkt. 1. Pursuant to a motion for reassignment filed by Plaintiff Mutnick (Dkt. 71), *Marron* was reassigned to the Honorable Sharon Johnson Coleman. Dkt. 72. The *Marron* complaint is based on the same nucleus of operative facts as those alleged in the Amended Complaint and seeks statutory damages and equitable relief against each of the named defendants for their alleged violations of BIPA, among other claims. *Marron* Dkt. 1.

On May 27, 2020, the complaint in *Thornley* was filed in the Circuit Court of Cook County, Illinois against Defendant Clearview AI, Inc. *Thornley* Dkt. 1-2. On June 30, 2020, *Thornley* was removed to this District and assigned to the Honorable John J. Tharp, Jr. *Thornley* Dkt. 1, 6. Pursuant to a motion for reassignment filed by Plaintiff Mutnick (Dkt. 77), *Thornley* was reassigned to the Honorable Sharon Johnson Coleman. Dkt. 79. The *Thornley* complaint is based on the same nucleus of operative facts as those alleged in the Amended Complaint and seeks

---

[3] On July 10, 2020, the Plaintiffs in *Marron* filed a Notice of Voluntary Dismissal as to CDW-G. Dkt. 31.

declaratory relief and statutory damages against Clearview AI, Inc. for its alleged violation of BIPA. *See* Dkt. 1-2.

**Defendants' Previous Efforts to Consolidate**

Prior to the filing of *Marron* and *Thornley*, the Clearview Defendants and CDW-G sought to consolidate *Mutnick* and *Hall*, contending that they "involve identical legal issues and factual issues, and the putative Illinois classes are substantively identical." Dkt. 42 ¶ 13; *see also* Dkt. 43 (adopting and incorporating Dkt. 42). They concluded that consolidation "will maximize efficiencies for the parties and result in substantial savings of judicial time and effort." Dkt. 42 ¶ 14; *see also* Dkt. 43.

Plaintiff Mutnick opposed consolidation at that time on the grounds that consolidation was premature, among other things, because it was unknown whether the New York Cases would be transferred to this District. Dkt. 54 at 3-4. The Court did not consolidate *Mutnick* and *Hall*, finding that consolidation was premature. Dkt. 61 at 3. Since the Court entered its order denying consolidation, the judge presiding over the New York Cases declined to transfer them to this Court. *See* Dkt. 73.

Contemporaneously with the filing of this motion, counsel for Plaintiff Mutnick is providing a copy of it to counsel of record in *Hall, Marron* and *Thornley*. As noted above, counsel for Plaintiff Mutnick has already notified all counsel of the motion.

4

## ARGUMENT

**I.     Legal Standards**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Where related suits "are pending in the same court," the "best means of avoiding wasteful overlap . . . is to consolidate all before a single judge." *Hedick v. Kraft Heinz Co.*, No. 19-cv-1339, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019). In determining whether to consolidate related actions, "a court should consider whether the proposed consolidation would promote convenience and judicial economy . . . and whether it would cause prejudice to any party." *Sylverne v. Data Search N.Y., Inc.*, No. 08 C 31, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008) (internal citations omitted).

**II.    The Court Should Consolidate the Related Clearview Cases.**

**A.     The Related Clearview Cases Involve Common Questions of Fact and Law.**

As the Court previously has determined in connection with Plaintiff Mutnick's various motions for reassignment, the Related Clearview Cases involve common questions of fact and law. Regarding the former, each Plaintiff seeks relief from Clearview AI, Inc. in connection with the covert scraping of images from the internet, and the subsequent unlawful scanning of their facial geometries, as well as the facial geometries of class members. Dkt. 6, ¶¶ 2-9, 13, 15, 42-47, 50-56; *Hall* Dkt. 1, ¶¶ 1-3, 9-14, 17, 24-36; *Marron* Dkt. 1 ¶¶ 1-4, 28-32; *Thornley* Dkt. 1-2 ¶¶ 7-22, 33-39. Regarding the latter, both cases involve identical legal issues – *e.g.*: (a) whether Clearview AI, Inc. violated BIPA; (b) whether declaratory and injunctive relief are proper; and (c) whether Plaintiffs are entitled to attorneys' fees and costs. Dkt. 6, ¶¶ 21-26, 31-35, 42-47, 50-56, 93-120, 131-36, Prayer for Relief; *Hall* Dkt. 1, ¶¶ 20-36, 62, 71-80, Prayer for Relief; *Marron* Dkt. 1 ¶¶ 22-48, 62-72, Prayer for Relief; *Thornley* Dkt. 1-2 ¶¶ 33-39, Prayer for Relief.

Additionally, as previously addressed in the various motions for reassignment, the putative Illinois classes alleged in each case are substantively identical. Dkt. 40 at 4; Dkt. 71 at 3-4; Dkt. 77 at 4. In short, each matter defines a class of Illinois residents whose biometric identifiers or information is or was contained in the biometric database of Defendant Clearview AI, Inc. *See id.*

### B. Consolidation Will Promote Convenience and Judicial Economy and Avoids Prejudice.

Given the overlapping factual and legal issues and putative Illinois classes, the proposed consolidation will promote convenience and judicial economy and avoid prejudice. At the Clearview Defendants' request, the Court has granted them until September 30, 2020 to respond to the outstanding complaints.[4] Dkt. 81; *Hall* Dkt. 53; *Marron* Dkt. 34. Consolidation alleviates the need for the Clearview Defendants to respond to four separate complaints, or the possibility of the Court having to analyze and rule on four separate motions to dismiss. Moreover, it allows the parties to conduct one Rule 26(f) conference, and the Court to enter one case management order. All Plaintiffs agree to consolidation (with the *Thornley* caveat noted above). Given that the defendants' previously pushed for consolidation, they cannot credibly argue against it now. Moreover, given that consolidation will reduce the number of filings the defendants have to make, consolidation avoids the prejudice that additional work would create.

### C. The Court Should Include *Thornley* in the Consolidation.

Counsel in *Thornley* has stated that they agree to consolidation in the event this Court does not remand *Thornley* to state court. However, this Court should not wait to consolidate *Thornley*, as consolidation presently is proper. Allowing *Thornley* to proceed on a separate track would

---

[4] It appears that CDW-G is required to file an answer in *Hall* on July 30, 2020. If the Court grants this motion, it should strike the date on which CDW-G is to answer the complaint in *Hall* and, to the extent CDW-G is included in the requested consolidated complaint, order that the answer or other responsive pleading is due on September 30, 2020.

counteract the purpose of consolidation. Indeed, as discussed below, one of the purposes of consolidation is to file a consolidated complaint on behalf of all Plaintiffs.

### III. The Court Should Grant Plaintiffs Leave to File a Consolidated Complaint.

In connection with consolidation, the Court should grant Plaintiffs leave to file a consolidated complaint.[5] In order to give the defendants sufficient time to review and respond to the consolidated complaint before the September 30, 2020 answer date, Plaintiffs propose filing the consolidated complaint on or before August 14, 2020 with the caption:

| | |
|---|---|
| *In re Clearview AI, Inc. Privacy Litigation* | ) Master Case No. 1:20-cv-00512 |
| This Document Relates To: | ) Judge Sharon Johnson Coleman |
| _____/ | ) Magistrate Judge Maria Valdez |

Moving forward, when a pleading is intended to apply to all actions, the words "All Actions" should appear after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the case number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example "1:20-cv-00512 (*Mutnick*).

### CONCLUSION

For the foregoing reasons, the Court should consolidate *Hall, Marron* and *Thornley* with *Mutnick* and grant Plaintiffs leave to file a consolidated complaint on or before August 14, 2020.

---

[5] Plaintiffs have already self-organized and agree to the appointment of Scott R. Drury and Michael Kanovitz of Loevy & Loevy as interim class counsel under Federal Rule of Civil Procedure 23(g). (Counsel in *Thornley* agree in the event their case is not remanded). Mr. Drury and Mr. Kanovitz intend to submit a Rule 23(g) application in the near future.

Additionally, the Court should strike the date on which CDW-G is to answer the complaint in *Hall* and, to the extent CDW-G is included in the consolidated complaint, order that the answer or other responsive pleading is due on September 30, 2020.

      WHEREFORE, Plaintiff David Mutnick respectfully requests that the Court consolidate *Hall, Marron* and *Thornley* with *Mutnick* and grant Plaintiffs leave to file a consolidated complaint on or before August 14, 2020. Additionally, Plaintiff Mutnick respectfully requests that the Court strike the date on which CDW-G is to answer the complaint in *Hall* and, to the extent CDW-G is included in the consolidated complaint, order that the answer is due on September 30, 2020.

Dated: July 20, 2020

                                                            Respectfully submitted,

                                                            /s/ Scott R. Drury
                                                            SCOTT R. DRURY

Arthur Loevy
Michael Kanovitz
Jon Loevy
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
arthur@loevy.com
mike@loevy.com
jon@loevy.com
drury@loevy.com

**CERTIFICATE OF SERVICE**

  I, Scott R. Drury, an attorney, hereby certify that, on July 20, 2020, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                 /s/ Scott R. Drury
                 *One of David Mutnick's Attorneys*