UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 20 C 0512<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| CLEARVIEW AI, INC., et al., | )<br>) |
| Defendants. | ) |

## ORDER

The Court, in its discretion, grants plaintiff David Mutnick's Federal Rule of Civil Procedure 42(a)(2) motion to consolidate the related cases *Hall v. Clearview AI, Inc.*, No. 1:20-cv-00846 and *Marron v. Clearview AI, Inc.*, No. 1:20-cv-02989 with the present case. [82]. The Court grants Mutnick leave to file a consolidated complaint by no later than August 31, 2020. Defendants' answer is due on or before September 14, 2020.

## BACKGROUND

Plaintiff David Mutnick brings a putative class action under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Similarly, in *Hall* and *Marron* – cases that the Court has already found related under Northern District of Illinois Local Rule 40.4 – plaintiffs bring claims against the Clearview defendants in connection with alleged violations of BIPA based on defendant scanning plaintiffs' facial geometries. Moreover, the putative Illinois classes in these related cases are substantially similar, namely, Illinois residents whose biometric identifiers or information is or was contained in defendants' database.

Prior to the filing of *Marron*, the Clearview defendants sought consolidation because the *Mutnick* and *Hall* cases involved identical legal and factual issues. At that time, the Clearview defendants conceded that the putative Illinois classes in *Mutnick* and *Hall* were substantially identical.

The Clearview defendants also asserted that consolidation would maximize efficiencies and result in a substantial savings of judicial time and effort. In May 2020, the Court denied defendants' consolidation motion as premature because there were pending proceedings in the Southern District of New York where plaintiff Mutnick had moved to intervene. Shortly thereafter, the district court in the Southern District of New York denied the motion to intervene.

## DISCUSSION

Rule 42(a)(2) allows district courts to consolidate cases that "involve a common question of law or fact" and "issue any other orders" in the consolidated cases "to avoid unnecessary cost or delay." *See McDonald v. Hardy*, 821 F.3d 882, 893 (7th Cir. 2016); *Star Ins. Co. v. Risk Marketing Group Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, ___ U.S. ___, 138 S.Ct. 1118, 1131, 200 L.Ed.2d 399 (2018).

Here, defendants admit that the factual and legal issued raised by plaintiffs Mutnick, Hall, and Marron sufficiently overlap and that consolidation is appropriate. Defendants, however, assert that the motion to consolidate is premature because of the pending motions to dismiss for lack of personal jurisdiction and to transfer venue to the Southern District of New York. The Court recently denied these motions, thus defendants' argument is unavailing.

Moreover, a newly-filed consolidated complaint will help organize the issues in this lawsuit and ease the burden of having separate dockets, briefs, and orders in these related lawsuits. By consolidating the lawsuits, the resultant efficiencies outweigh defendants' concerns.

**IT IS SO ORDERED.**

Date: 8/12/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge