**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, | ) ) Case No. 1:20-cv-00512 |
| Plaintiff, | ) ) Consolidated Case Nos. ) 1:20-cv-00840 |
| v. | ) 1:20-cv-02989 ) |
| CLEARVIEW AI, INC.; HOAN TON-THAT; and RICHARD SCHWARTZ, | ) Judge Sharon Johnson Coleman ) ) Magistrate Judge Maria Valdez |
| Defendants. | ) |

## DEFENDANTS' OBJECTION TO PROPOSED ORDER

Clearview AI, Inc. ("Clearview"), Hoan Ton-That and Richard Schwartz (together, "Defendants") submit this objection to the proposed order submitted by Plaintiff on August 14, 2020, and related to Plaintiff's motion for preliminary injunction (the "Proposed Order").

For the reasons set forth in the briefing on Plaintiff's motion for preliminary injunction, the Court should not enter any injunction against the Defendants. *See* Dkts. 56, 65. Entry of the Proposed Order, as drafted, is particularly problematic, and would be reversible error for at least five reasons.

*First*, the Proposed Order as drafted wholly ignores the voluntary steps that Clearview has already taken with respect to information belonging to Illinois residents, including but not limited to implementing technical solutions to prevent the collection of data from Illinois. *See* Dkt. 56 at 6-7. The Proposed Order would purport to compel the Defendants to take steps *they have already taken*. In those circumstances, a preliminary injunction order is inappropriate. *See Kessler v. Pass*, No. 18-cv-530, 2018 WL 5307821, at *1 (S.D. Ill. Oct. 26, 2018) (injunctions sought for conduct that defendants have already voluntarily provided "serve no purpose" and should not be granted).

1

*Second*, the Proposed Order as drafted does not address Clearview's current operations, which exempt it from the purview of the statute Plaintiff purports to enforce through his injunction. Illinois' Biometric Information Privacy Act ("BIPA") expressly provides that "[n]othing in this Act shall be construed to apply to a contractor, subcontractor or agent of a State agency or local unit of government when working for that State agency or local unit of government." 740 ILCS 14/25(e). Since approximately May 2020, Clearview has operated *exclusively* as "a contractor, subcontractor or agent of a State agency or local unit of government." *See* Dkt. 56-2 at ¶ 16 (Clearview has cancelled the account of every user who is not "a law enforcement body or other federal, state or local government department, office or agency.") As a result, it would be error to enter the Proposed Order as drafted and apply BIPA to Clearview on a go-forward basis because by its own terms, BIPA no longer applies to Clearview's operations.

*Third*, the Proposed Order as drafted purports to prohibit Clearview from taking certain actions as to "Illinois resident's Biometric Identifiers," but nowhere defines that term, and is thus vague to the point of invalidity. *See Patriot Homes, Inc. v. Rover Forest Hous., Inc.*, 512 F.3d 412, 415-16 (7th Cir. 2008) (holding preliminary injunction was impermissibly vague where terms not properly defined). One of the primary points of dispute between the parties in this litigation is *which* (if any) information is subject to BIPA. The Proposed Order provides no guidance to Defendants as to what materials fall within its scope. The Proposed Order is therefore impossible to comply with because it leaves open the basic question: To what information does it apply?

*Fourth*, and related to the third point, it would be unconstitutional, and a clear violation of the dormant Commerce Clause to apply BIPA in an extraterritorial fashion to photos on the public internet that are not somehow demonstrably associated with Illinois residents. *See* Dkt. 56 at 7-9. To the extent that the Proposed Order as drafted would require the Defendants to apply BIPA to

2

photos on the public internet with no metadata or electronic indicator that they belonged to Illinois residents, the Proposed Order would unconstitutionally extend BIPA. *See Legato Vapors, LLC v. Cook*, 847 F.3d 825, 834 (7th Cir. 2017) (violation of the dormant Commerce Clause for one state to "tell out-of-state companies how to operate their businesses.").

*Fifth*, the imposition of the Proposed Order would violate the First Amendment of the United States Constitution. The U.S. Supreme Court has made clear that "the creation and dissemination of information are speech within the meaning of the First Amendment." *Sorrell* v. *IMS Health Inc*., 564 US 552, 570 (2011). In that case involving a Vermont statutory ban on the sale of prescriber-identifying information (*i.e.,* the identification of which doctor prescribes which medicine to his or her patients) to drug companies, the Supreme Court referred to "the rule that information is speech" and, as here, concluded that such a content-based restriction on speech could not withstand constitutional scrutiny. *Id*. at 571. One of the rejected arguments made in that case by Vermont was that the privacy interests of the State's residents justified the restriction on the sale of the records. *Id.* at 572.

The analysis in a Seventh Circuit opinion provides persuasive support for the rejection of Plaintiff's Proposed Order on First Amendment grounds. In *Nieman* v. *VersusLaw, Inc.*, 512 Fed. Appx. 635 (7th Cir. 2013), the plaintiff sued Yahoo!, Google, Microsoft, and VersusLaw (a legal-research website), alleging that search engines operated by these companies enabled potential employers to find documents related to a lawsuit he had brought against a past employer, which allegedly caused the potential employers not to hire him due to his perceived litigiousness. *Id.* at 636. The district court dismissed the claims. *Id.* at 637. The Seventh Circuit affirmed on First Amendment grounds, holding that plaintiff's claims were barred because they were "based on the defendants' republication of documents contained in the public

record, so they fall within and are barred by the First Amendment privilege." *Id*. at 638. The Court's holding was based on the fact that the First Amendment privileges the publication of facts contained in documents "included by the court as part of the public record of the judicial proceedings . . . ." *Id.* The same First Amendment privilege protects Clearview's publication of publicly-available photos published openly on the Internet.

There is no exception to this rule for computer language, which has been held to be First Amendment protected by the Second, Fifth, and Sixth Circuit Courts of Appeal. *Universal City Studios* v. *Carley*, 273 F. 3d 429, 447-48 (2d Cir. 2001); *Def. Distributed* v. *United States Department of State*, 838 F.3d 451, 458, 468 (5th Cir. 2016), *cert. denied*, 138 S. Ct. 638 (2018); *Junger* v. *Daley*, 209 F. 3d 481 (6th Cir. 2000). Nor is there any exception for search engine results. *Zhang* v. *Baidu com Inc*., 10 F. Supp. 3d 433 (S.D.N.Y. 2014).

Computer language is the language of the Internet, and it is protected by the First Amendment. Here it matches information on the public Internet to a specific user search query by running algorithms on public data stored on publicly networked private servers on the Internet. It is fully protected in doing so, and the preliminary injunction sought in this case is flatly at odds with the First Amendment.

For all these reasons, and those in Defendants' briefing opposing Plaintiff's motion for preliminary injunction, the Defendants object to Plaintiff's Proposed Order, and the Proposed Order should not be entered in its present form.

DATED: August 16, 2020     Respectfully Submitted,

By: */s/ Lee Wolosky*

Lee Wolosky (admitted *pro hac vice*)
Andrew J. Lichtman (admitted *pro hac vice*)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Phone: (212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

David P. Saunders
Howard S. Suskin
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
hsuskin@jenner.com
dsaunders@jenner.com

*Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz*

## **CERTIFICATE OF SERVICE**

I certify that on August 16, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By: /s/ Lee Wolosky