# EXHIBIT A
# UNPUBLISHED AUTHORITIES

Case: 1:20-cv-00512 Document #: 91-1 Filed: 08/16/20 Page 2 of 6 PageID #:1182

Kessler v. Pass, Not Reported in Fed. Supp. (2018)
2018 WL 5307821

2018 WL 5307821
Only the Westlaw citation is currently available.
United States District Court, S.D. Illinois.

Windsor W. KESSLER, III, Plaintiff,
v.
Randall PASS, Leslee Brooks and Warden of USP-Marion, Defendants.

Case No. 18-cv-530-JPG-DGW
|
Signed 10/26/2018

**Attorneys and Law Firms**

Windsor W. Kessler, III, Marion, IL, pro se.

Laura J. Jones, Assistant U.S. Attorney, Fairview Heights, IL, for Defendants.

## MEMORANDUM AND ORDER

J. PHIL GILBERT, DISTRICT JUDGE

 *1  This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 70) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny plaintiff Windsor W. Kessler III's motion for a preliminary injunction (Doc. 29). Magistrate Judge Wilkerson held a hearing on Kessler's motion on September 6, 2018, before issuing the Report. Kessler has objected to the Report (Doc. 74).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Kessler filed this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), alleging that defendants Randall Pass and Leslee Brooks, medical providers at USP-Marion, where Kessler is incarcerated, were deliberately indifferent to his serious medical need for diagnosis and treatment of his right shoulder pain and a liver condition. In his motion for a preliminary injunction, Kessler seeks a referral to a hepatologist for his suspected liver condition and a referral to an orthopedist for his shoulder.

In the Report, Magistrate Judge Wilkerson noted that the observations by medical personnel—a normal range of motion in Kessler's shoulder, a prior negative x-ray, no signs of physical problems, intermittent or lack of pain complaints from Kessler—were not consistent with Kessler's subjective shoulder complaints and alleged functional limitations. He further noted that, despite those findings, Kessler was prescribed physical therapy and instructed on exercise, and Dr. Pass recently ordered an MRI, which was done after the preliminary injunction hearing.

Magistrate Judge Wilkerson noted that, with respect to Kessler's suspected liver condition, Kessler was given regular blood tests to check for liver indicators, had normal CT and ultrasound scans, and has been diagnosed with Gilbert's Syndrome, a common, harmless liver condition that explains one irregularity in Kessler's blood tests. Otherwise, Kessler's blood tests for liver function suggested no liver abnormality and no need for further testing or treatment of the liver.

Magistrate Judge Wilkerson observed that Kessler had received significant healthcare for these and other health problems from the defendants and that it appears he is simply not satisfied with that care. Magistrate Judge Wilkerson concluded that, although Kessler has at least some chance of success on the merits of his deliberate indifference claim, he has not shown he will suffer irreparable harm or needs immediate relief. Neither Kessler's shoulder nor suspected liver condition poses any immediate need for referral to a specialist or for an order directing different medical treatment, especially in light of the ongoing efforts to evaluate and treat Kessler's problems by the USP-Marion medical staff. As such, Magistrate Judge Wilkerson concluded that an injunction would serve no purpose at this time in light of Kessler's ongoing care.

 *2  In his objection, Kessler takes issue with a number of statements in the Report that were not necessary to Magistrate Judge Wilkerson's conclusions or recommendations, for example, because Magistrate Judge Wilkerson concluded that Kessler has a chance of success on the merits.[1] There is no need to address the accuracy of those statements. Apparently conceding he has not shown irreparable harm,

Case: 1:20-cv-00512 Document #: 91-1 Filed: 08/16/20 Page 3 of 6 PageID #:1183

**Kessler v. Pass, Not Reported in Fed. Supp. (2018)**
2018 WL 5307821

Kessler contends he cannot make such a showing without a diagnosis. Finally, he takes issue with Magistrate Judge Wilkerson's statement that his shoulder condition does not interfere with his activities of daily living where Kessler testified it wakes him up at night and causes his problems when drying off after a shower. The Court finds, however, that those impairments do not amount to irreparable harm while the defendants and other USP-Marion medical staff continue a search for a solution to Kessler's shoulder problem.

The Court has conducted a *de novo* review of the Report and finds that it is correct for the reasons set forth therein. While Kessler has shown he has a non-negligible chance of prevailing on the merits, he has not shown he will suffer irreparable harm before the final resolution of this case. If he ultimately prevails, any harm he suffers will likely be compensable through money damages. Accordingly, the Court:

- **ADOPTS** the Report in its entirety (Doc. 70);

- **OVERRULES** Kessler's objections (Doc. 74); and

- **DENIES** Kessler's motion for a preliminary injunction (Doc. 29).

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 5307821

Footnotes

1   In addition, Kessler appears to cite to portions of the hearing—for example, on the first page of his objection he cites to "Hearing 000081-82"—but the Court cannot discern to what he is referring. There was no hearing transcript prepared, and the audio recording of the hearing—to which the Court has listened—is not measured by any scale that corresponds to such a citation.

**End of Document**                © 2020 Thomson Reuters. No claim to original U.S. Government Works.

512 Fed.Appx. 635
This case was not selected for
publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also Seventh
Circuit Rule 32.1. (Find CTA7 Rule 32.1)
United States Court of Appeals,
Seventh Circuit.

Jason Lee NIEMAN, Plaintiff–Appellant,

v.

VERSUSLAW, INC., et al.,
Defendants–Appellees.

No. 12–2810.
|
Submitted Feb. 25, 2013.[*]
|
Decided March 19, 2013.

**Synopsis**
**Background:** Plaintiff brought action against search engine operators and legal research website asserting claims for commercial misappropriation of his name, intentional interference with current and prospective economic advantage, unjust enrichment/civil conspiracy, retaliation under Illinois Human Rights Act and § 1981, violation of Racketeer Influenced and Corrupt Organizations Act (RICO), and violation of Lanham Act. The United States District Court for the Central District of Illinois, Sue E. Myerscough, J., 2012 WL 3201931, dismissed complaint, and plaintiff appealed.

**Holding:** The Court of Appeals held that publication of court documents from former employee's prior lawsuit against his employer was protected by First Amendment privilege.

Affirmed.

*636 Appeal from the United States District Court for the Central District of Illinois. No. 12–3104, Sue E. Myerscough, Judge.

**Attorneys and Law Firms**

Jason Lee Nieman, Springfield, IL, pro se.

Steven P. Mandell, Elizabeth Morris, Attorneys, Mandell Menkes, LLC, Lynn Urkov Thorpe, Attorney, Gonzalez, Saggio & Harlan, Chicago, IL, Peggy A. Miller, Attorney, Gonzalez Saggio & Harlan LLP, New York, NY, for Defendants–Appellees.

Before RICHARD A. POSNER, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge and DIANE S. SYKES, Circuit Judge.

**ORDER**

**\*\*1** Jason Nieman, an insurance-claims professional, appeals the dismissal of his lawsuit asserting invasion of privacy and retaliation against Yahoo, Google, Microsoft, and VersusLaw, Inc., a legal-research website that provides the public with access to records of judicial decisions for a fee. Nieman alleged that the search engines operated by these companies have enabled potential employers to find documents related to a lawsuit he brought against a past employer; as a result, he contends, he has been passed over by these employers who might be wary of his litigiousness. The district court dismissed the complaint because all of Nieman's claims were premised on the defendants' publication of judicial records available to the public, which is privileged under the First Amendment. We affirm.

According to his complaint, Nieman discovered in 2009 that certain legal-search websites (such as Lexis/Nexis.com, Justia.com, Leagle.com, andVersusLaw.com) were linking copies of documents from his prior lawsuit to his name. That litigation involved a former employer and was settled in 2011. When Nieman encountered *637 difficulty obtaining another insurance job, he suspected that potential employers had learned of his prior lawsuit online and "blacklisted" him from employment opportunities. Nieman alleged that in late 2011 he wrote to each of the defendants and asked them to delink his court cases from their online search results. The defendants declined. Google pointed out that it simply aggregates information already published on the internet. VersusLaw responded that its publication of public records was protected by the First Amendment and that it would block links to public records only by court order.

Nieman asserted claims for (1) commercial misappropriation of his name; (2) intentional interference with current and prospective economic advantage; (3) unjust enrichment/civil conspiracy; (4) retaliation under the Illinois Human Rights Act and 42 U.S.C. § 1981; (5) violation of the Racketeer Influenced and Corrupt Practices Act; and (6) violation of the Lanham Act.

The district court dismissed the complaint for failure to state a claim. The court held that Nieman failed to state a claim under any of his theories of relief and that all of his claims were barred by the First Amendment, which privileges the publication of public records. Nieman's claims, the court stated, were premised on the fact that defendants' websites provided links to information and documents in the public record. Also, to the extent that Nieman's claims related to alleged invasions of privacy or defamation, the court held they were barred by the Communications Decency Act, which provides limited liability protection for online services as a publisher or speaker of the content from websites they index. 47 U.S.C. § 230(c)(1).

On appeal Nieman maintains that the First Amendment's protections are not absolute. Citing our decision in *Haynes v. Alfred A. Knopf, Inc.,* 8 F.3d 1222, 1232 (7th Cir.1993), he argues that the First Amendment does not protect the publication of private facts in which the public has no legitimate interest and that would deeply offend a reasonable person. The defendants' publication of court documents from his prior lawsuit, he asserts, should not be protected because it facilitates and encourages unlawful retaliation on the part of prospective employers who rely on third-party content and the judicial orders in question do not have any countervailing precedential value.

 **\*\*2**  Haynes does not help Nieman here. That case concerned the publication of personal facts about the plaintiff, not the republication of documents contained in public records. 8 F.3d at 1229–30. In Haynes we affirmed the grant of summary judgment for the defendant publisher on an invasion-of-privacy claim, noting that the reader had a legitimate interest in the facts discussed in the book, and the facts were no longer private because they were already published in the judicial record of the plaintiff's divorce and child-support proceedings. *Id.* at 1232–33.

The First Amendment privileges the publication of facts contained in lawfully obtained judicial records, even if reasonable people would want them concealed. *See Fla. Star v. B.J.F.,* 491 U.S. 524, 533, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1989); *Cox Broad. Corp. v. Cohn,* 420 U.S. 469, 495, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975); *Willan v. Columbia County,* 280 F.3d 1160, 1162, 1163 (7th Cir.2002); *Haynes,* 8 F.3d at 1232, 1233; *Ostergren v. Cuccinelli,* 615 F.3d 263, 286–87 (4th Cir.2010); *Bowley v. City of Uniontown Police Dep't,* 404 F.3d 783, 788–89 (3d Cir.2005). We have explained that judicial "[o]pinions are **\*638** not the litigants' property. They belong to the public, which underwrites the judicial system that produces them." *Pepsico, Inc. v. Redmond,* 46 F.3d 29, 31 (7th Cir.1995). Other legal documents included by the court as part of the public record of the judicial proceedings are also covered by the First Amendment privilege. *See Cox,* 420 U.S. at 492, 495, 95 S.Ct. 1029; *Grove Fresh Distribs., Inc., v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir.1994). The for-profit nature of the defendants' aggregation websites does not change the analysis; speech is protected even when "carried in a form that is 'sold' for profit." *See Va. State Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.,* 425 U.S. 748, 761, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); *see Dex Media W., Inc. v. City of Seattle,* 696 F.3d 952, 960–61 (9th Cir.2012); *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d 679, 684–85 (7th Cir.1998). All of Nieman's claims are based on the defendants' republication of documents contained in the public record, so they fall within and are barred by the First Amendment privilege. Accordingly, we need not address any of Nieman's remaining arguments.

AFFIRMED.

**All Citations**

512 Fed.Appx. 635, 2013 WL 1150277, 41 Media L. Rep. 1512

Footnotes

\*  After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Therefore the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2)(C).

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.