IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLEARVIEW AI, INC.; HOAN TON-THAT; and RICHARD SCHWARTZ, <br><br> Defendants. | Case No. 1:20-cv-00512 <br><br> Consolidated Case Nos. <br> 1:20-cv-00840 <br> 1:20-cv-02989 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Maria Valdez |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY**

Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, and Richard Schwartz (together, the "Defendants") respectfully request that the Court enter an order staying the above-captioned matter pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML") on Defendants' motion to transfer this consolidated action to the Southern District of New York pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. ECF No. 92 ("MDL Motion").[1]

As discussed below, courts in this District routinely grant stays pending JPML transfer decisions. A stay is appropriate here because (1) judicial economy favors a stay, (2) Plaintiffs will not be prejudiced by a stay, and (3) Defendants will be prejudiced if this consolidated action is not stayed.[2]

Alternatively, if the Court denies Defendants' motion to stay, Defendants respectfully request that the Court reset Defendants' time to respond to Plaintiffs' consolidated complaint from September 14, 2020 to September 30, 2020, which was the response date the Court had previously ordered on July 20, 2020. ECF No. 81.[3]

## BACKGROUND

From January through May 2020, ten substantively identical federal putative class action

---

[1] "ECF No." refers to the *Mutnick* docket unless noted otherwise. Because a motion to remand is pending in *Thornley v. Clearview AI, Inc.*, Defendants do not currently seek a stay of that case. 20-cv-3843 (N.D. Ill.), ECF No. 27. If the Court denies the motion to remand, the *Thornley* plaintiffs have agreed that their case should be consolidated with this action, and thus *Thornley* would become subject to whatever orders have been entered by the Court in this consolidated action unless the Court were to order otherwise.

[2] Defendants recognize that the Court previously denied Defendants' motion for a stay pending the Court's decision on Defendants' motion to dismiss or, in the alternative, to transfer. ECF No. 61. Defendants respectfully submit that the MDL Motion presents different circumstances that should lead to a different result under applicable law relevant to such motions.

[3] The parties have conferred about the relief requested in this motion, and Plaintiffs' counsel has advised that Plaintiffs oppose the requested relief.

2

complaints were filed against Clearview.[4] The cases pending in the Southern District of New York are before Chief Judge Colleen McMahon, who has stated that she "intend[s] to consolidate the [New York Actions] and proceed with case management." *Calderon*, ECF No. 51 at 4. The parties are scheduled to appear for a conference before Chief Judge McMahon on September 9, 2020. *John*, ECF No. 62.

The cases pending before this Court have been deemed related, and *Mutnick*, *Hall*, and *Marron* have been consolidated. ECF No. 87. On August 12, 2020, the Court denied Defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer to the Southern District of New York. ECF No. 86. The same day, the Court ordered Plaintiff Mutnick to file a consolidated complaint by August 31, 2020, and set a deadline of September 14, 2020 for Defendants to respond to the consolidated complaint—more than two weeks earlier than the previously-ordered response deadline of September 30, 2020. ECF No. 87.

As a result of Chief Judge McMahon's and the Court's orders, the two sets of Actions are proceeding separately against Defendants based on substantively the same underlying allegations and questions of law. Accordingly, on August 17, 2020, Defendants filed a motion with the JPML to transfer this consolidated action to the Southern District of New York for coordinated or consolidated pretrial proceedings. ECF No. 92; *In re Clearview AI, Inc., Consumer Privacy Litig.*, MDL No. 2967, ECF No. 1.

In support of their MDL Motion, Defendants demonstrated that coordination is appropriate under § 1407(a) because: (1) the Actions "involv[e] one or more common questions of fact";

---

[4] *Broccolino v. Clearview AI, Inc.*, 20-cv-2222 (S.D.N.Y.); *Burke v. Clearview AI, Inc.*, 20-cv-3104 (S.D.N.Y.); *Calderon v. Clearview AI, Inc.*, 20-cv-1296 (S.D.N.Y.); *Hall v. Clearview AI, Inc.*, 20-cv-846 (N.D. Ill.); *John v. Clearview AI, Inc.*, 20-cv-3481 (S.D.N.Y.); *Marron v. Clearview AI, Inc.*, 20-cv-2989 (N.D. Ill.); *McPherson v. Clearview AI, Inc.* (S.D.N.Y.); *Mutnick v. Clearview AI, Inc.*, 20-cv-512 (N.D. Ill.); *Roberson v. Clearview AI, Inc.*, 20-cv-3705 (S.D.N.Y.); *Thornley v. Clearview AI, Inc.*, 20-cv-3843 (N.D. Ill.).

(2) the transfer would be "for the convenience of parties and witnesses"; and (3) the transfer will promote the just and efficient conduct of the Actions." ECF No. 92-1 at 2. Moreover, Defendants requested that this consolidated action be transferred to the Southern District of New York because: (1) New York is center of gravity of these disputes; (2) a majority of the Actions are pending in the Southern District of New York; (3) a majority of the parties prefer to litigate the Actions in New York; (4) Chief Judge McMahon has significant experience overseeing MDL Proceedings; and (5) the Southern District of New York is less congested than the Northern District of Illinois. *Id.* at 11-14.

On August 18, 2020, the JPML set a briefing schedule on the MDL Motion, with responses due by September 8, 2020; and Defendants' reply due September 15, 2020. MDL No. 2967, ECF No. 3.[5]

## ARGUMENT

"In deciding whether to grant a stay pending the JPML decision to transfer a case to an MDL, courts consider: (1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed." *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009) (granting stay pending a JPML decision). All three of these factors strongly favor a stay here.

*First*, judicial economy favors a stay. Stays are routinely granted while a decision by the JPML is pending "to avoid duplicative efforts and preserve valuable judicial resources." *Tench v.*

---

[5] On August 18, 2020, the Court set a briefing schedule on Defendants' MDL Motion. ECF No. 93 (Plaintiffs' response is due by September 8 and Defendants' reply is due by September 22). We believe this order may have been inadvertently entered given that the JPML has set its own briefing schedule on the MDL Motion.

4

*Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999). As the court explained in *Paul*, "if we allow this case to continue despite the . . . motion to transfer to an MDL currently pending before the JPML, we run the risk of expending valuable judicial resources familiarizing [our]self with the intricacies of a case that may be coordinated or consol[idated] for pretrial purposes in another court." 2009 WL 2244766, at *1. Moreover, "[i]f the JPML transfers this action, we will no longer have jurisdiction over pre-trial matters and this court would have wasted judicial resources by addressing various pre-trial motions that could have been resolved in the transferee court." *Id.*; *see also Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 992 (C.D. Ill. 2011) ("Should the present case be successfully transferred to the MDL, there would be little or no reason for this Court to expend its resources in the meantime to no avail."); *Stoddart v. DraftKings, Inc.*, No. 3:15-CV-1307-DRH-DGW, 2015 WL 13158333, at *1 (S.D. Ill. Dec. 16, 2015) (granting stay pending JPML decision); *Feeney v. Bayer Corp.*, No. 1:10-CV-03696, 2010 WL 3829353 (N.D. Ill. Sept. 23, 2010) (same); *Kavalir v. Medtronic*, No. 07 C 0835, 2007 WL 1225358, at *4 (N.D. Ill. Apr. 19, 2007) (same).

As in these cases, a stay here would preserve judicial resources. For one thing, Mutnick's pending preliminary injunction motion raises complicated factual issues—such as those implicated by Clearview's voluntary changes to its business practices—and legal issues—such as whether Mutnick's requested relief violates the dormant Commerce Clause and the First Amendment. ECF No. 56. The Court should not expend resources "familiarizing [itself] with the intricacies" of these issues given that the Illinois Actions may be transferred to New York for pretrial purposes. *Paul*, 2009 WL 2244766, at *1. In fact, in similar circumstances, a court granted a stay pending a JPML decision so the court would not "have to invest the time and resources in understanding the technology at issue" to decide a pending motion for preliminary injunction. *Hertz Corp. v. Gator*

*Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003). Moreover, Defendants' motion to dismiss is presently due on September 14, 2020, but again, it would be a waste of judicial resources to address this type of "pre-trial motion[] that could have been resolved in the transferee court." *Paul*, 2009 WL 2244766, at *1.

*Second*, Plaintiffs will not be prejudiced by a stay. As an initial matter, these cases are still in their infancy: Plaintiffs have not yet filed a consolidated complaint, Defendants have not filed any responsive pleadings on the merits, and discovery has not commenced. *See id.* (concluding that stay pending a JPML decision would not prejudice plaintiffs because discovery had not yet begun); *cf. Kotlyar v. Univ. of Chicago Med. Ctr.*, No. 17 C 4729, 2017 WL 5911287, at *2 (N.D. Ill. Nov. 30, 2017) (stay pending decision by another court would not prejudice plaintiff because the case was "still in the very preliminary stages"). In fact, Plaintiffs will actually benefit from a stay. Plaintiff Mutnick is currently ordered to file a consolidated amended complaint by August 31, 2020, which will almost certainly be superseded after the JPML acts. If the JPML consolidates the Actions and another Plaintiff is selected interim lead plaintiff, Mutnick would have wasted his time and energy preparing a complaint, which would no longer be operative. Even if Mutnick ultimately is selected interim lead Plaintiff for all the Actions, he likely would still need to file another consolidated complaint because the New York Actions contain claims that are not asserted in any of the Illinois Actions (*e.g.*, *John* asserts claims under California and New York law and *Roberson* under Virginia law). In any event, the "potential prejudice to the Plaintiffs is minor because the stay would likely be brief": the MDL Motion will be fully briefed by September 15, 2020, and "we anticipate that [the JPML] will render its decision in relatively short order." *Paul*, 2009 WL 2244766, at *1; *see also Smith v. Merck & Co.*, No. 06-CV-0931-DRH, 2006 WL 3842190, at *1 (S.D. Ill. Dec. 29, 2006) ("[W]hile Plaintiff[s] might well be subjected to some

6

delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests.").

*Third*, Defendants will be prejudiced if a stay is not granted. Without a stay, Defendants would be subject to unnecessary briefing, such as briefing a motion to dismiss Plaintiffs' consolidated complaint, which could soon be superseded by a consolidated complaint encompassing all of the Actions. Moreover, without a stay, Defendants may be subject to duplicative proceedings and inconsistent rulings. "These burdens demonstrate clear hardships weighing in favor of staying this action until the JPML renders its decision." *Paul*, 2009 WL 2244766, at *2; *see also Bd. of Trs. of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002) (ordering a stay pending transfer decision because "the threat of inconsistent rulings outweighs the prejudice to the [non-moving party] from delay"); *Azar v. Merck & Co.*, 3:06-cv-0579 AS, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006) ("[A]llowing pretrial proceedings to continue poses a significant risk of duplicative motions and discovery that could result in needless expense and inequity to [defendant].").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order staying the above-captioned litigations pending the JPML's decision on Defendants' motion to transfer for consolidated or coordinated pre-trial proceedings.

If the Court denies Defendants' motion to stay, Defendants respectfully request that the Court reset Defendants' time to respond to Plaintiffs' consolidated complaint from September 14, 2020 to the previously-ordered date of September 30, 2020. *See* ECF No. 87. The Court's original order provided Defendants with 30 days (rather than 14 days) to respond to the complaints in these complex, putative class actions.

DATED: August 20, 2020        JENNER & BLOCK LLP

By:   */s/ Lee Wolosky*
Lee Wolosky (admitted *pro hac vice*)
Andrew J. Lichtman (admitted *pro hac vice*)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
Phone: (212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

Howard S. Suskin
David P. Saunders
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Phone: (312) 222-9350
hsuskin@jenner.com
dsaunders@jenner.com

*Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz*

## **CERTIFICATE OF SERVICE**

I certify that on August 20, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

By: */s/ Lee Wolosky*
*Lee Wolosky*
