IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MUTNICK, for himself and others similarly situated, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> CLEARVIEW AI, INC.; HOAN TON-THAT; ) </br> and RICHARD SCHWARTZ, ) </br> ) </br> Defendants. ) | Case No. 1:20-cv-00512 </br> </br> Consolidated Case Nos.: </br> 1:20-cv-00840 </br> 1:20-cv-02989 </br> </br> Judge Sharon Johnson Coleman </br> </br> Magistrate Judge Maria Valdez |

**PLAINTIFF'S MOTION TO RECONSIDER STAY ORDER**

Plaintiff David Mutnick, for himself and others similarly situated, by his counsel, respectfully requests that the Court reconsider its August 21, 2020 Order (the "Order") granting Defendants' motion to stay selective proceedings (Dkt. 99) or, in the alternative, clarify the scope of the Order. In support of Plaintiff's motion, he states as follows:

**INTRODUCTION**

Plaintiff respectfully requests that the Court reconsider its Order staying this matter as it appears the Court may have overlooked the severe prejudice the lengthy stay inflicts on Plaintiff and class members, and Defendants' motion did not make the Court aware of all the relevant facts.

Contrary to Defendants' contention that any stay may be brief, the stay likely will be in effect until at least December 2020 – the time at which it appears the Judicial Panel on Multidistrict Litigation ("JPML") will hear Defendants' transfer motion. As noted above, the lengthy stay will prejudice Plaintiff and class members. This Court previously has acknowledged that prejudice, which stems from Plaintiff's and class members' need for injunctive relief to stop the ongoing irreparable harm caused by Defendants' unlawful conduct.

1

In contrast to that prejudice, Defendants will suffer no hardship in the absence of a stay. They cannot credibly claim otherwise given that have not sought a parallel stay of the cases pending in the Southern District of New York (the "New York Litigation"), nor have they sought to stay *Thornley v. Clearview AI, Inc.*, No. 1:20-cv-03843, pending before this Court. In the New York Litigation, Defendants have not formally moved for any stay, and the Court has only adjourned the date for Defendants to file their answers.

Similarly, Defendants' claim that judicial economy favors a stay is overblown and, again, ignores their inconsistent actions in the New York Litigation. The claim also ignores the pendency of a recently-filed related case – *Carmean v. Macy's Retail Holdings, Inc.*, No. 1:20-cv-04589 ("*Carmean*") (N.D. Ill.) (Aspen, J.) – which Plaintiff cannot relate to, and consolidate with, this case if a stay is in place. As a result, a stay actually burdens this District.

Based on the prejudice to Plaintiff and class members and all of the relevant facts, Plaintiff respectfully suggests that the Court should not have granted Defendants' motion. To the extent the Court wishes to stay some of the proceedings, Plaintiff respectfully requests that the Court solely delay the date on which Defendants have to file an answer – as in the New York Litigation.

## PROCEDURAL AND FACTUAL BACKGROUND

### *Defendants' Efforts to Delay This Matter*

This case arises out of Defendants' alleged egregious violations of Plaintiff's and class members' privacy and civil rights through the surreptitious collection, distribution and use of their sensitive biometric data. *See* Dkt. 1, 6. Throughout, Defendants have sought to delay the case's progress. Shortly after Plaintiff moved for a preliminary injunction, Defendants simultaneously moved to dismiss/transfer this action and stay the case. *See* Dkt. 31, 45, 47.

The Court denied both motions (Dkt. 61, 86), finding that "staying this action while the Court determines the jurisdictional and transfer issues will not save judicial resources, ***especially when weighed against plaintiff's need for injunctive relief and any prejudice resulting from a delay.***" Dkt. 61 at ECF 3 (emphasis added). More recently, Plaintiff moved to consolidate the various related actions pending before the Court. Dkt. 82. In response, Defendants sought a *de facto* stay until the Court ruled on their motion to dismiss. *See* Dkt. 84 at ECF 2, 5-7.

At issue here is Defendants' most recent motion for a stay. Defendants filed the motion shortly after the Court denied their motion to dismiss/transfer, began moving the case forward and requested a proposed order on Plaintiff's preliminary injunction motion. *See* Dkt. 86, 87, 90; Exhibit 1 (August 14, 2020 Court correspondence).

**Facts Not Included in Defendants' Motion to Stay**

    ***The Requested Stay Will Be Lengthy***

Defendants' motion does not include critical facts. For instance, Defendants' motion to stay omits that Defendants' transfer motion before the JPML is not included on the Panel's docket for its upcoming September 24, 2020 hearing session, which session was set prior to Defendants filing with the JPML. *See* Exhibit 2 (JPML Notice of Hearing Session). This is critical because it indicates that the JPML will not address the motion until December 3, 2020 – at the earliest. *See* https://www.jpml.uscourts.gov/hearing-information (JPML hearing schedule) (last accessed on Aug. 22, 2020). Given the ongoing irreparable harm Defendants' conduct is inflicting on Plaintiff and class members, this lengthy delay is significant. By the time the JPML considers and rules on Defendants' motion, eight or more months will have elapsed since Plaintiff first sought the needed injunctive relief.

### *Defendants Have Not Moved to Stay the New York Litigation*

Further, Defendants' motion omits that they have not sought a parallel stay of the New York Litigation and that they do not intend to do so. Despite several attempts by Plaintiff's counsel to determine whether Defendants would seek a parallel stay of the New York Litigation, defense counsel repeatedly dodged the question. *See* Exhibit 3 (email chain). Instead of answering the inquiry, defense counsel pointed to various motions and orders regarding Defendants' answer dates in the New York Litigation. *Id.*; Exhibit 4 (May 14, 2020 Order); Exhibit 5 (May 26, 2020 Order); Exhibit 6 (Aug. 4, 2020 Order). When Plaintiff's counsel asked for clarification, defense counsel would only state that they intend to "urge" Judge McMahon to "continue the stay she had effectively entered until the decision of the JPML." Ex. 3.

However, Defendants have never sought, and Judge McMahon has never granted, a stay of the New York Litigation in its entirety. *See, e.g.,* Exhibit 7 (Docket - *Calderon v. Clearview AI, Inc.* ("*Calderon*"), No. 1:20-cv-01296-CM (S.D.N.Y.)). At best, Judge McMahon has "stayed" the date for Defendants' answers. *See* Exs. 4-6.

Indeed, since Judge McMahon entered the first purported stay order on May 14, 2020, one of the plaintiffs has filed an amended complaint and effected service on newly-added defendants. *See Calderon* Dkt. 52-58. Defendants did not object to those actions or otherwise contend that they violated a stay order. Rather, on July 27, 2020, Defendants wrote to the Court requesting clarification as to when their answer to the amended complaint was due or if the answer was adjourned *sine die*. *Calderon* Dkt. 62. In the letter, Defendants stated that the request "does not affect any other scheduled dates" and made no mention of an overall stay of the litigation. *Id.*

In an effort to narrow the issues raised in this motion, Plaintiff's counsel advised defense counsel of the above-described facts and asked defense counsel if they would be willing to discuss

4

withdrawal or modification of their requested stay. Ex. 3. In a telephone call, defense counsel maintained their above-stated position. *Id.*

*The Court's Order*

Defendants filed their motion to stay at approximately 8:11 p.m. on August 20, 2020. Exhibit 8 (Notice of Electronic Filing). On August 21, 2020, without hearing from Plaintiff or setting a briefing schedule, the Court granted the motion via a docket entry and struck the briefing schedules for the Defendants' transfer motion[1] and the preliminary injunction motion. Dkt. 99.

**ARGUMENT**

**I.     Legal Standards.**

A motion to reconsider "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case that was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). Reconsideration is particularly appropriate when a court "has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

A district court has the "inherent discretionary power to control the disposition of cases on its docket . . . ." *Terkel v. AT&T Inc.*, No. 06 C 2837, 2006 WL 1663456, at *1 (N.D. Ill. June 9, 2006) (Kennelly, J.). In deciding whether to stay an action based on the pendency of a transfer motion before the JPML, "courts consider whether judicial economy favors a stay; the potential prejudice to the non-moving party if the case is stayed; and any hardship or inequity to the moving party if the case is not stayed." *Id.*

---

[1] Defendants filed a courtesy copy of the JPML transfer motion in this Court (Dkt. 92). While this Court set a briefing schedule for that motion (Dkt. 93), the motion will be briefed before the JPML and will not require any of this Court's resources.

The "pendency before the JPML of a motion to transfer under 28 U.S.C. § 1407 does not . . . automatically entitle a party to a stay of a case as to which transfer is sought." *Id.* The JPML Rules of Procedure make clear that the "pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. Rule 2.1(d). "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a party's motion to the Judicial Panel for transfer and consolidation." *In re Pradaxa Prod. Liability Actions*, No. 3:12-cv-00610-DRH-SCW, 2012 WL 2357425, at *2 (S.D. Ill. June 20, 2012) (citing *Manual for Complex Litigation (Fourth)* § 20.131 (2004)).

**II.     The Actual Facts Weigh Against Staying This Litigation.**

As this Court found when it denied Defendants' first motion to stay, "plaintiff's need for injunctive relief and any prejudice resulting from a delay" outweighs the other stay factors. *See* Dkt. 61 at ECF 3. Nothing has changed that would alter the Court's analysis.

Judge Kennelly's opinion in *Terkel* is instructive. There, like here, the defendants sought to stay a case pending a ruling by the JPML. *Terkel*, 2006 WL 1663456, at *1. Further, as here, at the time of the defendants' motion, the plaintiffs had a preliminary injunction motion pending, and the defendants had not sought a stay of the litigation in the other forum where related cases were pending. *Id.* at *2-3. Finally, as here, the various cases overlapped but were not identical. *Id.* at *2. Based on those facts, as described in more detail below, the court refused to stay the case, concluding that "the potential prejudice to the plaintiffs that would result from a stay outweighs the interests of judicial economy and the potential for hardship to the defendants . . . that would accompany denial of a stay." *Id.* at *3.

6

In reaching its decision, the court emphasized that the plaintiffs contended that the ongoing harm they would suffer from the defendants' conduct would be irreparable, thereby necessitating preliminary injunctive relief. *Id*. Without addressing the merits of the plaintiffs' preliminary injunction motion, the court held that "the claim of ongoing irreparable harm, if the . . . plaintiffs' allegations are shown to be true, is a serious one." *Id*. The court further found that the fact that the JPML would not consider the transfer motion for at least a month would result in the plaintiffs' claimed harm continuing in the interim. *Id*.

The court also determined that the prejudice to the plaintiffs outweighed the other stay factors. *Id*. at *3. While the court did not wholly discount the defendants' contention of hardship in the absence of a stay, it found that their failure to seek a stay in the other forum made it "difficult to accept at face value their contention that this is a compelling reason for a stay." *Id*. Moreover, the court noted that an injunction motion was only pending in the case before the court, alleviating any concern that the defendants would have to litigate that issue in a multiple of forums. *Id*. Further, the court highlighted the fact that the defendants had obtained extensions of time to respond to the complaints "in many, and perhaps most, of the other cases." *Id*.

With respect to judicial economy, the court again pointed to the defendants' strategy of only seeking a stay in one of the forums. *Id*. at *2. According to the court, the defendants' strategy "strongly suggests that the goal of economy does not favor transfer to the extent argued by the defendants . . . ." *Id*. In that case, the defendants did not seek a stay of litigation where they had pending motions. *Id*.

As in *Terkel*, "the potential prejudice to the plaintiffs that would result from a stay outweighs the interests of judicial economy and the potential for hardship to the defendants . . . that would accompany denial of a stay." *See id*. at *3. Plaintiff has sought preliminary injunctive

7

relief to halt Defendants' ongoing egregious violations of his and class members' privacy rights that continue to cause irreparable harm. Dkt. 31. The problem of the ongoing harm is particularly acute, here, because the JPML is not likely to address Defendants' motion until December 2020 – making the stay quite lengthy. *See Terkel*, 2006 WL 1663456, at *3.

Any claim by Defendants that their purported actions in response to the preliminary injunction motion (*see* Dkt. 56 at ECF 4-5) have somehow alleviated the ongoing irreparable harm to Plaintiff and class members would lack merit. As set forth in Plaintiff's reply in support of his preliminary injunction motion, Defendants' purported actions do not rectify or halt that harm. *See* Dkt. 63 at ECF 13-15. Moreover, merely because Defendants contend they have taken certain actions does not make it so. No independent third party has verified the purported actions, and the record is clear that Defendants and their representatives cannot be taken at their word. *See* Dkt. 64, 66 (highlighting misrepresentations made by Clearview's General Counsel to Illinois Secretary of State and his lack of candor with the Court); *see also* Dkt. 86 at ECF 4-5 (Court finding factual conflict between Defendants' affidavits and record evidence). Even if Defendants actually took any of the purported actions, they presently are free to resume their injurious conduct at any time. *See ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 724 F.3d 854, 864 (7th Cir. 2013).

Unable to address the actual prejudice resulting from a stay, Defendants ignore it and inaccurately claim that any stay will likely be brief. *See* Dkt. 98 at ECF 6-7. As discussed above, the stay will be lengthy and inflict severe harm on Plaintiff and class members.

Defendants also make the incredible argument that a stay benefits Plaintiff because he will not have to file a consolidated complaint. Dkt. 98 at ECF 6. Defendants know that Plaintiff wishes to advance this case, and their claim to the contrary is incredible.

In contrast to the above-described prejudice, Defendants will not suffer any hardship if the stay is denied. As in *Terkel*, Defendants' failure to seek a stay of the related litigation makes it "difficult to accept at face value their contention that [hardship in the absence of a stay] is a compelling reason for a stay." *See Terkel*, 2006 WL 1663456, at *3.

Further, Defendants' seeming desire to avoid a ruling on the preliminary injunction motion is not a hardship. Indeed, as the court found in *Terkel*, the fact that an injunction motion has only been brought in a single forum negates any concern about a ruling causing hardship. *See id.* To the extent Defendants are concerned about having to file an answer in this case on September 14, 2020, the Court can easily address that concern by extending the answer date to September 30, 2020, as Defendants request in their motion, or staying the answer date as was done in the New York Litigation. Dkt. 98 at ECF 7.

Finally, as in *Terkel*, Defendants' contention that judicial economy favors a stay (*id.* at ECF 4) is overblown. By not moving to stay the New York Litigation or *Thornley*,[2] both this Court and the Southern District of New York may continue to work on this litigation. Moreover, the entry of a stay precludes Plaintiff from relating and consolidating *Carmean*, pending before Judge Aspen. Thus, as a result of Defendants' strategy, three judges may continue working on Clearview-related litigation. The strategy "strongly suggests that the goal of economy does not favor transfer to the extent argued by the defendants," if at all. *See Terkel*, 2006 WL 1663456, at *3.

Defendants' contention that the pending preliminary injunction motion creates a burden because it raises complicated issues (Dkt. 98 at ECF 5) ignores that the motion has been fully briefed since May 2020. *See* Dkt. 63. While Defendants' recently and improperly attempted to

---

[2] The Court may stay proceedings pending a transfer decision by the JPML, even if a remand motion is pending. *Bd. of Trustees of the Teachers' Retirement Sys. of the State of Ill. v. Worldcom, Inc.*, 244 F.Supp.2d, 900, 905 (N.D. Ill. 2002).

9

inject a new First Amendment argument into the mix (Dkt. 91 at ECF 3-4), the newfound argument is waived.[3] *See United States v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007) ("Because the argument was not raised or developed in the opening brief, it is waived."); *see also Lores v. SailPoint Techs., Inc.*, No. 18-CV-3910, 2019 WL 1382080, at *1 (N.D. Ill. Mar. 27, 2019).

As for the argument itself, *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) – on which Defendants primarily rely (Dkt. 91 at ECF 3-4) – makes clear that the Illinois Biometric Information Privacy Act ("BIPA") does not violate the First Amendment because it regulates conduct, not content. Unlike the statute at issue in *Sorrell*, BIPA on its face does not burden disfavored speech by disfavored speakers. *See* 564 U.S. at 563-64. Rather, it broadly regulates the collection, disclosure and use of biometric data by private entities with only a few narrow and well-justified exceptions. *See* 740 ILCS 14/1, *et seq.* BIPA is on all fours with the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. § 1320d-2. *See Sorrell*, 564 U.S. at 573. In *Sorrell*, the Court found that a "statute [like HIPPA] would present quite a different case from the one presented here" – *i.e.*, the statute would not violate the First Amendment. *See id.*

Even if BIPA regulated speech, the speech at issue would be commercial in nature. Because BIPA "directly advances a substantial government interest" – namely, the protection of individuals' sensitive biometric data – and "the measure is drawn to achieve that interest" through a "coherent policy," it does not run afoul of the First Amendment. *See id.* at 571-72. As discussed above, in this way, BIPA is akin to HIPPA. *Id.* at 573.

---

[3] Plaintiff has not yet had the opportunity to respond to Defendants' improper "objections" to the proposed order Plaintiff submitted regarding his preliminary injunction motion. Dkt. 91. The discussion here is intended to summarily show that Defendants' primary objection lacks merit. Defendants' other objections regurgitate substantive issues already briefed by the parties and ignore the plain language of the proposed order. If necessary, once the stay is lifted, Plaintiff will more fully address the objections.

Finally, while Defendants would like to believe that it is a foregone conclusion that the JPML will transfer this case to the Southern District of New York, that is not accurate. Both this Court and the Southern District of New York have found that differences between the cases in the two forums did not justify transfer. Dkt. 86 at ECF 8; *Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at *6 (S.D.N.Y. May 29, 2020). Moreover, given that there are only two districts involved and various ways for the cases to be informally coordinated, these matters do not seem ripe for JPML consolidation. Thus, the JPML may not transfer this case. If the JPML does consolidate the cases, it is equally, if not more likely, to transfer the New York Litigation to this this District, given that the common threads running through almost all of the cases are *Illinois* plaintiffs who assert claims under an *Illinois* statute for harm suffered in *Illinois*.

The potential prejudice to Plaintiff and class members that would result from a stay outweighs the interests of judicial economy and the potential for hardship to Defendants that would accompany denial of a stay. Accordingly, the Court should reconsider its previous Order and: (a) deny Defendants' motion; or (b) modify the Order to solely delay Defendants' answer date.

### III.     Alternatively, Plaintiff Respectfully Requests Clarification of the Court's Order.

To the extent the Court keeps the stay in place, Plaintiff respectfully requests that the Court clarify its scope. The Order states that Defendants' motion to stay is granted and strikes the briefing schedules for the motion to transfer and preliminary injunction. Dkt. 99. The Court did not strike the date for Plaintiff to file a consolidated complaint or for Defendants to answer. To ensure that Plaintiff complies with the Order, he seeks clarification as to whether the case is stayed in whole or in part.

## CONCLUSION

WHEREFORE, Plaintiff David Mutnick respectfully requests that the Court reconsider its stay Order and: (a) deny Defendants' motion to stay; or (b) modify the Order to solely delay the date on which Defendants' answer is due. Should the Court keep the stay in place, Plaintiff respectfully requests clarification as to whether the Order stays the proceeding in its entirety or only as to the preliminary injunction and transfer motions.

Dated: August 25, 2020

                                              Respectfully submitted,

                                              /s/ Scott R. Drury
                                              SCOTT R. DRURY

Mike Kanovitz
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
312.243.5900
mike@loevy.com
drury@loevy.com

## CERTIFICATE OF SERVICE

      I, Scott R. Drury, an attorney, hereby certify that, on August 25, 2020, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

                                            /s/ Scott R. Drury
                                            *One of David Mutnick's Attorneys*